### GRIFFIN v. McCAIN *ET AL.*

#### (125 S. E., 133)

1. APPEAL AND ERROR—REVERSAL OF ORDER OF NONSUIT HELD NOT TO ENTITLE PLAINTIFF TO JUDGMENT.—Where the Court directed a nonsuit, and the only ground of exception and the only matter before the Court on appeal was whether lower Court erred in granting order, reversal applied only to matter involved in the appeal, and necessarily involved new trial, and did not entitle plaintiff to judgment.

2. APPEAL AND ERROR—SUSTAINING OF PLAINTIFFF'S APPEAL FROM REEFUSAL OF DIRECTED VERDICT DOES NOT ENTITLE PLAINTIFF TO JUDGMENT.—In action involving unliquidated claim for damages, action

of Supreme Court in sustaining plaintiff's appeal from order deny-
ing motion for directed verdict does not entitle plaintiff to judg-
ment until jury has passed on question of damages.

Before ANSEL, J., County Court, Greenville, May, 1924.
Affirmed.

Action by Pierce Griffin against W. E. McCain and W. C.
Groce doing business as McCain & Groce. An order of
nonsuit was reversed by the Supreme Court on a prior ap-
peal (126 S. C., 506), and from an order denying plain-
tiffs' motion for judgment on the pleadings, proceedings,
evidence and judgment of the Supreme Court, plaintiff
appeals.

*Mr. L. K. Clyde,* for appellant, cites: *Judgment of
Supreme Court in former hearing ended the case and trial
Court had only to enforce that judgment:* 3 S. C., 337; 16
S. C., 300; 17 S. C., 217; 13 S. C., 36. *Capacity of de-
fendants admitted by general denial:* 25 S. C., 315; 31
S. C., 313; 20 S. C., 104. *In trespass liability of defendants
is joint and several:* 1 Bay. 15; 94 S. C., 195; 58 S. C., 102.
*Plaintiff having proven material allegations of complaint
and there being no further evidence offered was entitled to
directed verdict:* 91 S. C., 17. *Under Rule 27, Supreme
Court, reversal of judgment on appeal for refusing to direct
a verdict has the same effect as if the verdict had been
directed:* 83 S. C., 3; 82 S. C., 515; 100 S. C., 483; 92 S. C.,
361; 92 S. C., 427; 14 S. C., 584; 65 S. C., 418. *In law
case Supreme Court cannot modify:* 79 S. C., 389; 22
S. C., 313; 107 S. C., 468. *In considering refusal of non-
suit Court may consider all testimony in the case:* 91 S. C.,
437; 91 S. C., 197; 96 S. C., 153.

*Mr. H. P. Burbage* for respondent.

November 5, 1924.

The opinion of the Court was delivered by MR. JUSTICE
COTHRAN.

This is an appeal from an order of his Honor, County Judge Ansel, refusing a motion of the plaintiff for leave to enter up judgment in his favor, upon the cause of action stated in the complaint. The motion was made upon the "pleadings, proceedings, evidence taken and introduced on the trial of the case, and the judgment of the Supreme Court rendered upon the appeal of the case." A retrospect of the litigation heretofore had is essential to a proper apprehension of this most extraordinary motion.

On March 17, 1921, the plaintiff brought an action against W. E. McCain and W. O. Groce, alleging that they were doing business as partners under the name of McCain & Groce. The alleged cause of action was a trespass upon the premises of the plaintiff and the taking and conversion of an organ valued at $100. The plaintiff demanded judgment for the value of the organ, $100, and $500 damages. The answer of the defendant was a general denial.

Upon the trial the plaintiff offered evidence tending to establish his cause of action. The defendants offered no evidence, and moved the Court for a directed verdict upon the ground that the plaintiff had offered no evidence tending to establish the allegation of a partnership between the defendants. The plaintiff also moved for a directed verdict upon the ground that he had proved every material allegation of his complaint. Both motions were refused, and the county Judge of his own motion directed a nonsuit upon the ground that the plaintiff had offered no evidence of the partnership which was alleged in the complaint and put in issue by the defendants' answer.

The plaintiff appealed to this Court from the order of nonsuit, and on November 14, 1923, the Court handed down a decision reversing the matter appealed from, the order of nonsuit, the majority holding that the answer had not put the fact of partnership in issue. 126 S. C., 506; 120 S. E., 95.

On February 25, 1924, no second trial of the case having been had, the counsel for the plaintiff served upon counsel for the defendants notice of a motion before the county Court for leave to enter judgment in his favor for the "amount as set forth in the prayer of the complaint," the motion to be based upon the pleadings and other proceedings set forth above herein. The motion was heard by the county Judge, who in an order dated May 26, 1924, refused it, and from such refusal this appeal comes.

The only ground of exception in the first appeal was alleged error in granting the nonsuit; that was the only matter before the Court, and the only question decided was that the county Judge committed error in granting it; the final order "judgment reversed" could apply only to the matter involved in the appeal, the order of nonsuit, and the reversal of that order necessarily involved a new trial of the case.

Although it appears that the plaintiff moved for a directed verdict, and that the motion was refused, it does not appear that he filed exceptions to such refusal. He, in substance, now asks the Court to hold that the reversal of an order of nonsuit entitles him to a directed verdict for the amount of his claim, and that the lower Court and this Court should usurp the functions of a jury in the adjudication of an unliquidated claim for damages.

Even if he had appealed from the refusal of a directed verdict, and the Court had sustained his appeal, he would not have been entitled to a judgment until a jury had passed upon the question of the damages.

The judgment of this Court is that the order appealed from be affirmed.

MESSRS. JUSTICES WATTS, FRASER and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.