## 45649. FULTON NATIONAL BANK OF ATLANTA v. YOUNG et al.

ARGUED SEPTEMBER 17, 1970—DECIDED NOVEMBER 19, 1970—REHEARING DENIED DECEMBER 7, 1970—CERT. APPLIED FOR.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Devereaux F. McClatchey, Jr.,* for appellant.

*J. L. Jordan,* for appellees.

DEEN, Judge. The garnishee's answer consisted of the following printed form with the underlined entries typed in: "Comes now the Fulton National Bank of Atlanta, garnishee in the above stated case, and in answer to the summons of garnishment served in this case says:

"At the time of the service of said summons of garnishment garnishee had in its hands property, effects and money belonging to said defendant, and was indebted to said defendant as follows:

"*$4,799.36*

"That between the time of the service of said summons of garnishment and the time of making this answer there came into

garnishee's hand property, effects and money belonging to said defendant, and garnishee became indebted to said defendant between said times as follows:

"*Nothing*

"That the sum of $ *nothing* is subject to said garnishment and garnishee herewith pays said sum into court.

"In further answer to said summons of garnishment garnishee says: '*We are holding funds in this account as they are in dispute.*'"

The only issue before this court is whether this answer is an unqualified admission that the garnishee is indebted to the judgment debtor in the amount of $4,799.36 so as to authorize a judgment against it on the pleadings and over its objection, in the absence of any traverse of the truth of facts stated.

The action between the plaintiff and the garnishee is a new suit in which the garnishee is the defendant. *Myrick v. Jones-Stewart Motor Co.*, 39 Ga. App. 614 (1) (147 SE 917). His answer *must* be taken as true unless traversed. *Code* § 46-303; *Joiner v. Dougherty-Ward-Little Co.*, 14 Ga. App. 360, 363 (80 SE 854); *Darlington v. Belt*, 12 Ga. App. 522 (77 SE 653); *Harris v. Exchange Bank,* 17 Ga. App. 700 (88 SE 40); *Murphy v. Columbus Mills,* 116 Ga. App. 198 (156 SE2d 657). A statement in an answer that the garnishee is not indebted is not a conclusion, but a factual averment. It must be construed along with the further information that the garnishee holds a fund in an account belonging to the defendant, which fund is in dispute. The answer therefore is not such an unqualified admission of liability of indebtedness to the debtor as would authorize a judgment on the pleadings for the amount of the fund.

Pleadings are to be construed most favorably to the state of facts obviously intended to be urged by the pleader. *City Dodge, Inc. v. Atkins,* 118 Ga. App. 676 (164 SE2d 864). While the answer is subject to traverse because it does not "plainly, fully and distinctly" set forth why the garnishee is unable to answer more coherently (*Code* § 46-301), but nevertheless, the garnishee alleges that it is unable to state whether a fund in its hands belongs to the debtor or another, no judgment appropriating the fund can be entered until a traverse is filed and the issue tried. *Small v. Men-*

*del, Gosling & Co.,* 96 Ga. 532 (23 SE 834). "An averment by way of conclusion admitting an indebtedness is superseded by a subsequent statement in the answer of the facts as to the indebtedness." 38 CJS 463, 464, Garnishment, § 223.

This is not to say that the answer of the garnishee is not defective, subject to traverse, or to a motion to make more certain, but that in the absence of any objection whatever it is not an unqualified statement of liability on which a judgment may be entered without a trial of the issue. It must be construed as a whole, and, so construed, giving the typed-in portions of the form the significance obviously intended, it is a statement that the garnishee is not indebted, although it holds a fund of $4,799.36 to the account of the debtor, because the true ownership of the fund is in dispute. It was error to enter judgment against the garnishee on the basis of the answer alone.

*Judgment reversed. Bell, C. J., Jordan, P. J., Hall, P. J., Eberhardt, Pannell, Quillian and Whitman, JJ., concur. Evans, J., dissents.*

EVANS, Judge, dissenting. I cannot agree to the majority review, hence I must dissent. I would affirm the judgment of the lower court.

A statement of the case is as follows: Young, as plaintiff, filed a garnishment proceeding against The SCLC Chapter, Community Action, as defendant, and Fulton National Bank of Atlanta as garnishee. The garnishee filed an answer stating: "At the time of the service of the said summons of garnishment garnishee had in its hands property, effects, and money belonging to the said defendant, and was indebted to said defendant as follows: $4,799.36. . . That the said sum of $(nothing) is subject to said garnishment, and garnishee herewith pays said sum into court." In further answer to said summons of garnishment, the garnishee says: "We are holding funds in this account as they are in dispute." No explanation was made to show why garnishee contended said funds were not subject to garnishment except that said funds were being held "in this account as they are in dispute" and with no clarifying statement of any nature as to whom the dispute was between and how it arose. Plaintiff filed his declaration in attachment against the defendant, and the lower court rendered judg-

ment in favor of plaintiff because the case was in default; and thereafter the lower court rendered judgment in favor of the plaintiff against the bank as garnishee on its answer. The lower court construed said answer to be an admission of indebtedness. The bank moved to set aside the judgment against it, contending that its answer created an issue for trial, and thereafter the court denied the motion.

It is well established that in the construction of pleadings as against general demurrer or motion to strike "The demurrer admits only well pleaded facts and does not admit conclusions, either of law or fact, where facts are not averred in support of the conclusions." *MacLeod v. Belvedale, Inc.,* 115 Ga. App. 444, 445 (154 SE2d 756), citing *Graham v. Marks,* 98 Ga.,67, 73 (25 SE 931). In support of the above proposition also see *H. W. Ivey Constr. Co. v. Southwest Steel Products,* 111 Ga. App. 527 (2) (142 SE2d 394); *Morrison v. Bowen,* 106 Ga. App. 464 (1) (127 SE2d 194); *Rowland v. Rich's, Inc.,* 212 Ga. 640, 641 (94 SE2d 688); *Womble v. Ga. State Bd. of Examiners in Optometry,* 221 Ga. 457, 459 (145 SE2d 485). The new Civil Practice Act, while more liberal in respect to the construction of pleadings (see § 8, CPA; *Code Ann.* § 81A-108 (f) Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230) has been construed many times to require well pleaded facts and not conclusions. See Mails v. Kansas City Public Service Co., 51 FSupp. 562; United States v. Johns-Manville, 67 FSupp. 291; Toomey v. Wickwire Spencer Steel Co., 3 FRD 243.

It is quite true that there was no demurrer or motion to strike as to the answer, but, nevertheless, the court, in construing the answer, had the right to disregard conclusions and to give effect only to well-pleaded facts therein. There is an obligation upon a garnishee who files an answer to a summons of garnishment to set forth the reasons why money that he admits holding for the defendant is not subject to garnishment. See *Estridge v. Janko,* 96 Ga. App. 246 (1) (99 SE2d 682).

I call attention to *Murphy v. Columbus Mills,* 116 Ga. App. 198 (156 SE2d 657), which holds that "where . . . answer to a summons of garnishment has been filed by the garnishee within the time required by law, and such answer . . . remains untraversed and undisposed of, it should be first dismissed or otherwise dis-

posed of before a judgment *by default* can be properly taken." (Emphasis supplied.) However, this cited case is not applicable to the facts in the case sub judice because here we are dealing with a situation where the lower court rendered judgment on the answer, *as admitting indebtedness, and did not render a default judgment therein.*

The garnishee answered admitting indebtedness; and did not seek to set out "plainly, fully, and distinctly" any reason why he was unable to answer. *Code* § 46-301. The judgment of the lower court should be affirmed.