### 46518. RUSH v. THE STATE.

EBERHARDT, Judge. 1. Although the accused was indicted, tried and convicted of armed robbery, this appeal lies within the jurisdiction of this court because it is from the denial of motions to quash the indictment and of a plea in bar (former jeopardy) and is not from the judgment of conviction. *Harris v. State,* 190 Ga. 773 (10 SE2d 752).

2. Since the judgments appealed from are not final and are not among those specifically designated as appealable under *Code Ann.* § 6-701, and the record shows no certificate authorizing review, the appeal must be dismissed. See, e.g., *Aikens v. State,*

226 Ga. 34 (172 SE2d 430); *Thomas v. State,* 226 Ga. 529 (175 SE2d 874); *Carlisle v. Carlisle,* 227 Ga. 221 (179 SE2d 769); *Bruce v. State,* 122 Ga. App. 159 (176 SE2d 515). The fact that defendant could have appealed from the sentence and judgment of conviction does not cure the fatal defect. See, e.g., *Gibson v. Hodges,* 221 Ga. 779 (3) (147 SE2d 329); *Ruth v. Kennedy,* 117 Ga. App. 632 (161 SE2d 410).

*Appeal dismissed. Hall, P. J., and Whitman, J., concur.*
ARGUED SEPTEMBER 17, 1971—DECIDED OCTOBER 5, 1971.

*Alan M. Alexander, Jr.,* for appellant.

*Thomas W. Ridgway, District Attorney, John T. Strauss, Tony H. Hight,* for appellee.

HALL, Presiding Judge, concurring. I concur for the sole reason that this Court is bound by the decisions of the Supreme Court of Georgia. *Code Ann.* § 2-3708. Where the record shows there has been a final judgment in the case, I think it is a miscarriage of justice to dismiss the appeal on the theory that it is premature because the notice of appeal refers only to an intermediate order rather than the final judgment in the case. This is another example of the "sporting theory of justice" which creates disrespect for the law and its institutions in the minds of the public. As to my views see Hall, "Civil Procedure—What's It All About?" 6 Ga. State Bar Jorunal 377; 21 Mercer Law Review 377.