## 46701. WEEKS v. HIGH POINT SPRINKLER COMPANY.

QUILLIAN, Judge. A summons of garnishment was served on the appellant by the appellee on January 30, 1970. An answer was filed but it was later stricken on motion of the appellee that it was not timely filed. The appellant then paid the cost and another answer was filed showing no indebtedness. On July 22, 1970, the trial court entered a judgment against the appellant. No appeal was taken from the judgment entered on July 22, 1970. However, on June 14, 1971, the appellant filed a motion to have the judgment modified. A hearing was held and this motion was denied on July 15, 1971. The appellant then filed a notice of appeal from the order of July 15, 1971, overruling the motion to modify the judgment. *Held:*

1. The appellant contends that even though the appeal was taken from the order of July 15, 1971, which overruled its motion to modify the judgment, the striking of its answer and entering of the judgment should be reviewable because they were antecedent rulings to the one from which an appeal was taken. With this contention we can not agree. The order striking the appellant's answer and the entering of a judgment against the appellant took place in 1970. No appeal was taken within 30 days from the entering of the judgment and it became final.

Under the provisions of *Code Ann.* § 46-406 (Ga. L. 1970, pp. 724, 725) the appellant had the right to file a motion to modify the judgment anytime within one year from the date the judgment was entered. However, this is analogous to the statute which allows a petition to be filed to modify the terms of a divorce decree. *Code Ann.* § 30-220 (Ga. L. 1955, pp. 630, 631; 1964, pp. 713, 714). While the judgment may be modified this does not prevent it from being final.

The order striking the answer and the entering of the judgment, not being properly appealed from, present no question for determination by this court.

2. The appellant also contends that the trial judge erred in overruling the motion to modify the judgment. When the motion came on for a hearing no evidence was presented. *Code Ann.* § 46-406 provides in part: "Provided, further, that on the trial of the motion, the burden of proof shall be upon the movant." No evidence having been introduced the appellant failed to carry the burden of proof and the failure to grant the motion was not error.

*Judgment affirmed. Jordan, P. J., and Evans, J., concur.*
ARGUED NOVEMBER 2, 1971—DECIDED JANUARY 21, 1972—
REHEARING DENIED FEBRUARY 18, 1972.

*Peek, Whaley & Haldi, Glenville Haldi, J. Robert Hardcastle,* for appellant.

*Hansell, Post, Brandon & Dorsey, F. T. Davis, Jr., Jefferson D. Kirby, III,* for appellee.