### 46818. HOUSING AUTHORITY OF CITY OF DOUGLAS v. MARBUT COMPANY.

PANNELL, Judge. The notice of appeal filed October 25, 1971, reads in part as follows: "Notice is hereby given that the Housing Authority of the City of Douglas, defendant in the above captioned case, hereby appeals to the Court of Appeals of Georgia from the order of the Judge of the Superior Court of Coffee County, Georgia, dated the 26th day of July, 1971, in which order the Judge of the Superior Court of said county denied the written motion to dismiss the complaint filed by the defendant, . . ." The record discloses the order overruling the motion to dismiss was entered the 26th day of July, 1971. The notice of appeal by way of recitation shows that subsequent to the order appealed from a trial was had and judgment was rendered against the defendant. The record discloses this judgment was dated and entered October 11, 1971, and contained this recitation: "it being understood that the rights of defendant are preserved to file a timely appeal to the Court of Appeals of Georgia or the Supreme Court of Georgia on the overruling and denying by court order of a written motion filed by the

defendant to dismiss the complaint of the plaintiff on a question of law; said hearing having been held on said motion on the 23rd day of April, 1971, and order entered overruling and denying said motion to dismiss on the 26th day of July, 1971." The record contains no motion by the defendant to extend the time for filing the notice of appeal. There is no certificate of review in the record.

The enumeration of error enumerates error on the overruling of the motion to dismiss and thereafter also recites the subsequent events in the case. The notice of appeal having been filed more than 30 days subsequent to the entry of the judgment appealed from and there being no certificate of review as required by statute, the appeal must be dismissed. *Alexander v. State,* 122 Ga. App. 331 (176 SE2d 633); *Teppenpaw v. Blalock,* 121 Ga. App. 320 (1, 2) (173 SE2d 442); *Rockmart Finance Co. v. High,* 118 Ga. App. 351 (163 SE2d 758); *Rush v. State,* 124 Ga. App. 547 (184 SE2d 515).

*Appeal dismissed. Bell, C. J., Eberhardt, Quillian and Evans, JJ., concur. Jordan, P. J., Hall, P. J., Deen and Clark, JJ., dissent.*

ARGUED JANUARY 10, 1972—DECIDED MARCH 10, 1972—REHEARING DENIED MARCH 28, 1972—

*E. R. Smith, Jr.,* for appellant.

*Martin, Snow, Grant & Napier, Cubbedge Snow, H. J. Quincy,* for appellee.

HALL, Presiding Judge, dissenting. In my opinion, this appeal should not be dismissed. The order of July 26, 1971, denying the defendant's motion to dismiss the petition was an interlocutory order and was not "subject to direct appeal and could not become the law of the case by virtue of not appealing within thirty days from the order. See *State Hwy. Dept. v. Rosenfeld,* 120 Ga. App. 439 (1) (170 SE2d 837)." *Smith v. Mullinax,* 122 Ga. App. 833, 834 (178 SE2d 909).

It is true that the notice of appeal (dated October 25, 1971) states that the appellant appeals from the above

interlocutory order. However, the notice of appeal also recites that a final judgment was entered on October 11, 1971. Technically the appellant should have specifically recited that it was appealing from the final judgment and then enumerated the interlocutory order as error. This technical defect "should not result in loss of the appeal as long as the intent to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake." 9 Moore's Federal Practice 755, § 203.18. In a similar case the Supreme Court of the United States held: "It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil procedure for decisions on the merits to be avoided on the basis of such mere technicalities. 'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' Conley v. Gibson, 355 U. S. 41, 48. The Rules themselves provide that they are to be construed 'to secure the just, speedy and inexpensive determination of every action.' Rule 1." Foman v. Davis, 371 U. S. 178, 181 (83 SC 227, 9 LE2d 222). See also 9 Moore's Federal Practice 752-757, § 203.18; United States v. Arizona, 346 U. S. 907 (98 LE 405); State Farm Mut. Auto. Ins. Co. v. Palmer, 350 U. S. 944 (76 SC 321, 100 LE 823).

The above federal authorities are in accord with the 1968 amendment to the Appellate Practice Act of 1965 (*Code Ann.* § 6-809) which was enacted under the Constitution of 1945 (*Code Ann.* § 2-3704). This statute prohibits dismissals "Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from . . . notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from."

In 1966, this court held that "The new Appellate Practice Rules were adopted by the General Assembly of Georgia for the primary purpose of securing speedy and uniform justice in a uniform and well ordered manner; they were not

adopted to set traps and pitfalls by way of technicalities for unwary litigants." *Chambliss v. Hall,* 113 Ga. App. 96, 98 (147 SE2d 334).

I am authorized to state that Presiding Judge Jordan and Judge Clark concur in this dissent.

DEEN, Judge, dissenting. *Code Ann.* § 6-802 sets out how an appeal shall be made. It shall be taken by filing a notice of appeal. This notice is not required to *except to* an appealable judgment, as did the old assignments of error. All that is needed in this regard is to make "*a concise statement of the judgment . . . entitling the appellant to take an appeal.*" (Emphasis supplied.) The appellant did this by stating in his notice of appeal that there was a final judgment of a date certain based on a verdict.

*Code Ann.* § 6-809 (d) states that "where it is apparent" from any combination of notice of appeal, record, and enumeration of errors taken together "what errors are sought to be asserted upon appeal, *the appeal* shall be considered in accordance therewith." (Emphasis supplied.)

In this case it is apparent from both the notice of appeal and the record that there is a final judgment based on a verdict and that the case is no longer pending. It is apparent that there is a judgment overruling a motion to dismiss, that this judgment is enumerated as error, and that this is the question the appellant seeks to review. As I read these three Code sections, this is sufficient, regardless of the fact that the appellant did not recite specifically in the notice of appeal that he was *appealing from* the final judgment. "It is the intention of this law to provide a new procedure . . . and, to that end, this law shall be liberally construed so as to bring about a decision on the merits of every case appealed, and to avoid dismissal of any case . . . except as may be specifically referred to herein." *Code Ann.* § 6-905.

In other words, we are to look to substance and not to form. Where the appellant *has set forth a concise statement of the judgment entitling him to take an appeal,* where it is apparent what error he wants corrected, and where no stat-

utory phrase requires him to use the magic words, "I also appeal from this final judgment," then I do not think it should be dismissed. We should not require more than the statute.

I am authorized to state that Presiding Judge Jordan concurs in this dissent.