## 52096. KYLE v. KING.

CLARK, Judge.
> "Things are seldom what they seem,
> Skim milk masquerades as cream."

This rhyme from H. M. S. Pinafore is appropriate to the instant case where a victorious plaintiff has taken an appeal after favorable final judgment, claiming error as to two adverse interlocutory rulings wherein attorney fees were denied.

Plaintiff, a former tenant of defendant landlord, sued to recover a $50 rent deposit. Additionally, plaintiff prayed for $250 attorney fees on the basis that defendant had been stubbornly litigious. The jury awarded plaintiff the full amounts sought. After judgment was entered on this verdict, the instant appeal followed. The losing defendant did not file a cross appeal.

The enumerations of error are limited to two interlocutory decisions. The two orders complained of are: (1) a denial of plaintiff's motion for assessment of attorney fees in connection with a delay by defendant in answering interrogatories; and (2) a refusal by the trial court to impose attorney fees when denying defendant's motion for leave to plead by amendment an untimely counterclaim.

Although there is a final judgment, the defendant-appellee has filed a motion to dismiss plaintiff's appeal on the ground of there being no immediate review certificates.

1. The motion to dismiss the appeal is denied. *Housing Authority of City of Douglas v. Marbut Co.,* 229 Ga. 403 (191 SE2d 785), reversing a divided court, 125 Ga. App. 806 (189 SE2d 101). See also *State Hwy. Dept. v. Hall Paving Co.,* 127 Ga. App. 625 (2) (194 SE2d 493). After final judgment a party is entitled to obtain an appellate

review of adverse interlocutory rulings which have not become moot. Here a litigant seeks to recover attorney fees in addition to the amount of the verdict if this court should find legal error in the trial court's interim denial.

2. The trial court did not abuse its discretion in refusing to require defendant to pay attorney fees as a discovery sanction. See Code Ann. § 81A-137 (d).

3. We know of no authority by which a trial court can summarily award attorney fees to a litigant for merely opposing a motion. Code § 20-1404, upon which plaintiff relies, does not authorize such action.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED APRIL 6, 1976 — DECIDED APRIL 23, 1976 — REHEARING DENIED MAY 12, 1976 — 

*Scott D. Sanders,* for appellant.
*Phillip M. Casto,* for appellee.