## 31464. SUMMERLOT v. CRAIN-DALY VOLKSWAGEN, INC.

GUNTER, Justice.

This court granted an application for a writ of certiorari to review the decision of the Court of Appeals in *Summerlot v. Crain-Daly Volkswagen,* 138 Ga. App. 839 (227 SE2d 463) (1976).

The decision of the Court of Appeals rested primarily on a procedural ground, and it was for this reason that this court granted the writ. The decision of the Court of Appeals referred to what applicant calls a "typographical error in the complaint" an "admission in judicio" that estopped the plaintiff "from showing to the contrary."

The applicant contends that Paragraphs 3, 4, and 5 of Count 1 of the complaint, when construed together, showed clearly that applicant was relying on a breach of warranty by the defendant with respect to the engine block. Also, applicant contends that the summary judgment evidence submitted to the trial judge showed that this was the issue for decision.

1. We agree with the applicant on the procedural issue. The Civil Practice Act provides that when issues

not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. It also provides that pleadings may be amended so as to conform to the evidence, but failure to so amend does not affect the result of the trial on the issues actually tried. Code Ann. § 81A-115 (b).

As we read this record, the issue of breach of warranty was considered and determined on its merits by the trial judge.

Therefore, we do not consider the alleged typographical error in the complaint to be an admission in judicio that barred the applicant from showing to the contrary.

2. On the merits of the issue determined by the trial judge, we do not agree with the contention of the applicant.

Applicant's summary judgment evidence did not expressly show that the block was warranted by the respondent or that the block was cracked at the time of the sale by the respondent to the applicant.

Respondent's summary judgment evidence was very explicit on this point. The respondent's mechanic by affidavit testified: "6. One item he asked me to check was the level of water in the radiator. I did so and after flushing out the radiator and allowing the car to run for 30 to 40 minutes, I observed that there was no existing defects in the engine or its cooling system. There were no oil or water leaks existing after running the car: 7. Of my own knowledge, as the mechanic who worked on this car, I can state that the 240Z did not have a cracked engine block at the time it left our shop. 8. After he had taken delivery of the car, Terry Summerlot spoke to me and stated that he had personally checked out mechanically the car completely where he was employed; and that the condition of the car was 100% satisfactory to him."

On the basis of this summary judgment evidence, the trial judge rendered a judgment in favor of the respondent. We think he did so on the merits and we further think that his judgment was correct. For this reason, and not on the procedural issue, we affirm the judgment of the Court of Appeals that affirmed the

judgment of the trial court.
*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 8, 1976 — DECIDED MARCH 2, 1977 —
REHEARING DENIED MARCH 17, 1977.

*Joseph H. King, Jr.,* for appellant.
*T. Jackson Bedford, Jr.,* for appellee.