## 32845. MOON v. MOON.

NICHOLS, Chief Justice.

The appellee filed a petition for divorce, alimony and child support. The appellant counterclaimed for divorce, and the trial court granted a divorce on the pleadings with the remaining issues tried before a jury. The jury awarded the appellee the house and seven acres where the parties had been living, $30,000 in savings certificates and $50 per week for child support. Appellant's motion for new trial was overruled and he appeals.

1. The first enumeration of error contends the trial court erred in overruling the motion for new trial because of excessiveness of the award to the wife. The wife was awarded the home, valued at $20,000, and $30,000 in savings certificates. The appellant retained a 49-acre tract with a house valued at between $50,000 and $60,000, several thousand dollars in heavy machinery and trucks, some shares of bank stock and a small savings account. In addition, some $36,000 had been depleted from the savings accounts by appellant between the time of separation and the trial. From these facts we cannot say that the award to the wife was excessive. The trial court did not err in overruling the motion for new trial on this ground.

2. The second and third enumerations of error contend the trial court erred in its charge on alimony and the burden of proof. The court defined alimony and then charged: ". . . the burden of proof in this case is upon that party asserting a contention of the party, each party may prove — must prove his or her contentions by what is known as a preponderance of evidence." The charge given

was a general statement of the law contained in Code § 38-103 and is not subject to the objection that it was burden-shifting. The charge on alimony also was a correct statement of the law and, in addition, the jury did not award any periodic alimony, but only a division of the property. There is no merit in these enumerations of error.

3. The fourth enumeration of error contends the trial court erred in excluding the pleadings from the jury. The appellant argues that while the pleadings are not evidence, they contain the contentions of the parties which would have aided the jury in its deliberations. All the contentions of the parties contained in the pleadings went to the issue of divorce, and a judgment on the pleadings was granted on that issue. There is no merit in this enumeration of error.

4. The remaining enumeration of error contends the failure to prove the residency requirement renders the judgment void. The appellee alleged in her petition the necessary residency requirements and appellant in his answer admitted the allegations of these paragraphs.

"A party to a suit will not be allowed to disprove an admission made in his pleadings without withdrawing it from the record." *Venable v. Block,* 138 Ga. App. 215 (1) (225 SE2d 755) (1976). There is no merit in this enumeration of error.    ·

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 12, 1977 — DECIDED OCTOBER 25, 1977 — REHEARING DENIED NOVEMBER 9, 1977.

*G. Hughel Harrison,* for appellant.
*Cheeley & Chandler, Joseph E. Cheeley,* for appellee.

