55703. CHAMBERS et al. v. ALMOND et al.

DEEN, Presiding Judge.

1. Appellants, plaintiffs in fi. fa. of the judgment debtor Johnson, filed a garnishment action against the executors of an estate of which Johnson was an alleged

heir. A default judgment was entered against the appellees. Within 60 days they moved to modify the judgment by reducing it in accordance with the formula set out in Code Ann. § 46-509, contending they were not indebted in any amount. Appellant traversed this pleading, and his first enumeration of error complains of the overruling of this traverse for the reason, as set out in his brief, that "the garnishee did not file an affirmed answer." The pleading referred to in Code Ann. § 46-509 does not require verification. The first enumeration is without merit.

2. It is next contended that it was error to reduce the judgment to 15 percent of the amount of the judgment in the main case, the minimum specified by Code Ann. § 46-509, for the alleged reason that "the burden is placed on the garnishee," apparently meaning the garnishee had the burden of showing no indebtedness. The balance of an estate, both real and personal, shall not stand subject to distribution among the heirs at law of the decedent until after the payment of the expenses of administration and debts of the deceased. Code § 113-1001. There being testimony that the assets of the estate were presently frozen and were subject to liens for federal taxes, the court's finding that there were no present assets for distribution was supported by evidence, and this enumeration does not require reversal.

3. In Enumeration 3 it is contended that the court erroneously ruled "that garnishee had answered plaintiff's interrogatories in part and supplemented the answers orally in court." Enumeration 4 contends that no supplemental answers to appellant's requests for admissions were ever filed, and the fifth error enumerated is that it was an abuse of discretion to deny a request for attorney fees to be assessed against the garnishee. All of these alleged errors refer to paragraph 4 of the court's final order in which she considered and denied a motion for assessment of attorney fees. The appellant does, however, admit that the trial court has a wide discretion in applying sanctions for failure to properly answer interrogatories or requests for admission, and admits that partial answers were in fact filed in this case. We have examined the record and find no culpable failure on the

part of the garnishee which in any way prejudices the appellant's case or which would be ground for setting aside the default judgment in its favor, reduced as required by law. The judge arrived at the same conclusion. Whether attorney fees are to be required as a discovery sanction is discretionary. *Kyle v. King,* 138 Ga. App. 612 (2) (226 SE2d 767) (1976). "In such cases, it is important that the discretion of the trial court, intelligently disposed to this end, not be curtailed by the appellate courts." *Coolik v. Hawk,* 133 Ga. App. 626, 628 (212 SE2d 7) (1974).

The judgment is not error for any reason assigned. *Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED APRIL 4, 1978 — DECIDED APRIL 28, 1978 — REHEARING DENIED MAY 17, 1978.

*Richard R. Kirby, Joseph E. Williams,* for appellants.
*David H. Fink,* for appellees.