## 35438. FIDELITY NATIONAL BANK v. KM GENERAL AGENCY, INC.

NICHOLS, Chief Justice.
Km General Agency, Inc. filed garnishment proceedings against Fidelity National Bank in the State Court of DeKalb County. The bank failed to answer, and

judgment by default was entered. The bank moved pursuant to Code Ann. § 81A-160(d) to set the judgment aside and for other relief. The judgment was reduced in amount but was not set aside. The bank then commenced in the Superior Court of Fulton County the present suit in equity pursuant to Code Ann. § 81A-160(e). Summary judgment was granted for Km, and the bank appeals. This court affirms.

1. The bank's contentions that Code Ann. §§ 46-103 and 46-508 violate the due process and equal protection clauses of the state and federal constitutions by denying the bank the opportunity to answer before 30 days have elapsed since service and by providing for automatic default are wholly lacking in merit. See *Antico v. Antico,* 241 Ga. 294 (244 SE2d 820) (1978).

2. The bank contends that factual issues exist as to whether or not Km has been unjustly enriched and whether or not Km's affidavit of garnishment was fraudulent and was a malicious abuse of process. The bank never held any funds or property of the judgment debtor. The bank contends that Km's attorney failed to show during the course of his deposition "any specific information that he knew that Fidelity National Bank held any funds belonging to the Judgment Defendant. Further, Mr. Mixon was not able to show any specific inquiry or investigation as to whether or not Fidelity National Bank held any funds of the Judgment Defendant." The bank contends that this testimony "raised a question of fact as to the reasonable cause and purpose for issuance of the Summons of Garnishment." There is no merit in this contention. It is not the law that a person must know that the garnishee holds funds or property of the judgment debtor prior to making the affidavit with which garnishment proceedings are commenced. Code § 46-102. The garnishee, not the plaintiff, is required to specify what money or other property is subject to garnishment. Code §§ 46-103, 46-301, and 46-501. The garnishee who answers the summons is protected by being able to recover his reasonable expenses, including attorney fees. Code § 46-507. Even the garnishee who allows default judgment to be entered against him is protected by liberal

provisions allowing reduction of the judgment. Code Ann. § 46-509. A rule of law requiring the plaintiff to know at his peril that a garnishee holds money or property subject to garnishment prior to executing the affidavit would destroy the usefulness of garnishment as a means of discovering, freezing and obtaining money or property in satisfaction of judgment. The trial court did not err in granting Km's motion for summary judgment and in dismissing the bank's complaint.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 9, 1979 — DECIDED
NOVEMBER 21, 1979.

*George P. Dillard, William F. Rucker,* for appellant.
*H. Lamar Mixon, Joseph B. Haynes, M. Jerome Elmore,* for appellee.