### 58668. SAMBO'S OF GEORGIA, INC. v. FIRST AMERICAN NATIONAL BANK et al.

McMURRAY, Presiding Judge.

Sambo's of Georgia, Inc. (Sambo's) was served with a summons of garnishment by service upon its registered agent. The summons of garnishment issued as a result of a judgment obtained by plaintiff, First American National Bank (First American) against Carroll Dyer. Sambo's failed to answer the summons of garnishment, and First American obtained a default judgment against Sambo's pursuant to Code Ann. § 46-508 (Ga. L. 1976, pp. 1608, 1620). On January 16, 1979, Sambo's filed its motion for relief from default judgment pursuant to Code Ann. § 46-509 (Ga. L. 1976, pp. 1608, 1620; 1977, pp. 783, 784). Sambo's motion, as amended, admitted that on November 16, 1978, it had received actual notice of the entry of default judgment against it.

Sambo's filed its motion for summary judgment supported by affidavits of corporate officials while First American filed its motion for judgment on the pleadings. Sambo's motion for summary judgment was denied, and the motion of First American for judgment on the pleadings was granted. Sambo's appeals, contending that the trial court erred in granting First American's motion for judgment on the pleadings and in denying Sambo's motion for relief from default judgment without affording

a hearing. *Held:*

1. Code Ann. § 46-509, supra, provides relief from a default judgment rendered against a garnishee under Code Ann. § 46-508, supra, where the motion for relief is filed not later than 60 days from the date garnishee *receives actual notice of the entry of such judgment* and certain sums are paid into court. In this case the pleadings admit that Sambo's failed to file its motion for relief from default judgment within the 60 days' time limit. Further, Sambo's did not formerly amend its pleadings to show compliance with Code Ann. § 46-509, supra. "A party to a suit will not be allowed to disprove an admission made in his pleadings without withdrawing it from the record." *Venable v. Block,* 138 Ga. App. 215 (1), 216 (225 SE2d 755); *Moon v. Moon,* 240 Ga. 208, 209 (4) (240 SE2d 17). We must, therefore, decide if a conflicting affidavit in support of a motion for summary judgment showing the motion for relief was filed not later than 60 days from the date garnishee received actual notice of the entry of such judgment against it amounted to an amendment of the pleadings.

2. A hearing was held to determine the merits of the motions of each party. Both sides appeared. Therefore, *Apex Supply Co. v. Johnny Long Homes, Inc.,* 143 Ga. App. 699, 701 (2) (240 SE2d 171), relied upon by Sambo's and dealing with a denial of due process resulting from ex parte hearings is inapposite here.

Sambo's is also incorrect in attempting to draw from *Chambers v. Almond,* 146 Ga. App. 46, 47 (1) (245 SE2d 336), a requirement that a motion under Code Ann. § 46-509, supra, must be opposed by a formal traverse. Code Ann. § 46-509, supra, places the burden upon the garnishee in seeking relief from a default judgment. Until the garnishee has created a prima facie showing of a right to relief, the plaintiff is under no compulsion to oppose the motion. Here the garnishee's own pleadings establish that it is not entitled to relief unless the evidence on summary judgment be characterized as an amendment.

3. The trial court heard both the motion for summary judgment (which was denied) and also the motion for judgment on the pleadings (which was granted) at the same hearing. Sambo's submitted evidence which

conflicts with its own admission as to the date of actual notice. This evidence shows that actual notice of the default judgment was received on November 18, 1978, *although Sambo's had pleaded that it was received on November 16, 1978.* "Under . . . Code Ann. § 81A-115 (b) [Ga. L. 1966, pp. 609, 627], this evidence received without objection amended the pleadings by operation of law." *McDonough Const. Co. v. McLendon Elec. Co.,* 242 Ga. 510, 514 (250 SE2d 424); *Summerlot v. Crain-Daly Volkswagen, Inc.,* 238 Ga. 546 (1) (233 SE2d 749).

If actual notice of the default judgment was received on November 18, 1978, it was within 60 days prior to the filing of the motion for relief from default so that the motion for relief was timely filed. It is apparent from the simultaneous consideration by the trial court of motions for summary judgment and for judgment on the pleadings that matters outside the pleadings were presented and considered by the trial court. "If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of . . . [as a motion for summary judgment]." Code Ann. § 81A-112 (c) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693); *Hill v. Davis,* 241 Ga. 233, 234 (244 SE2d 852).

Accordingly, First American's motion for judgment on the pleadings must be viewed as having been disposed of as a motion for summary judgment. Since Sambo's has presented evidence of receiving the actual notice of the default judgment on November 18, 1978, that is, within 60 days of the date of filing the motion for relief from default, the trial court erred in granting First American's motion for judgment on the pleadings. The admission in the pleadings and the evidence, by affidavit, create a conflict, all of which was before the court at the time of the judgment.

*Judgment reversed. Banke and Birdsong, JJ., concur.*

SUBMITTED OCTOBER 15, 1979 — DECIDED JANUARY 8, 1980.

*Jeffrey B. Bogard, Joel Y. Moss, Irwin W. Stolz, Jr.,* for

appellant.

*John W. Bland, Jr.,* for appellees.