## 59848. WEST v. NATIONAL BANK OF GEORGIA.

McMURRAY, Presiding Judge.

On November 27, 1979, National Bank of Georgia filed this garnishment proceeding, naming as defendant Hal G. West and as garnishee Trust Company Bank, seeking to recover the amount of a judgment which had been obtained by plaintiff against the defendant in the amount of $2,097.45 principal, $293.58 interest, $314.62 attorney fees, and $40 costs.

On December 26, 1979, prior to the garnishee's answer, the defendant filed a traverse therein. Defendant alleged it was a traverse of the plaintiff's affidavit in that the funds sought to be garnished by plaintiff "are exempt from such action by law or otherwise not subject to garnishment." Defendant prayed that the garnishment be dissolved at a probable cause hearing before proceeding further; for dissolution of the garnishment and return of all monies, property or goods detained pursuant to said garnishment; that the garnishee be

relieved of all duties to file an answer; and/or damages including attorney fees and costs suffered by reason of the issuance of the summons of garnishment and for such other relief as is just and proper. A hearing was set down for January 4, 1980. The traverse was amended setting out the sworn affidavit of the defendant as to his source of income, that is, that he was totally disabled and unable to engage in any substantial gainful activity since 1974. Since that time he has received only Social Security disability benefits as his sole and only source of monthly income. He further deposed that he had a savings account and a checking account with the Trust Company Bank and the funds accumulated therein were "solely derived from monies . . . received from the Social Security Administration based upon . . . physical disability." Defendant also attached a statement from the operations supervisor at the Social Security Administration's Decatur district office setting forth the monthly amounts received by him as Social Security disability benefits.

On January 11, 1980 (although not filed until January 17, 1980), the trial court issued an order prior to the filing of the answer of the garnishee bank that the evidence submitted by the defendant did not necessarily exclude other income or set forth the bank was not indebted to the defendant as to other funds on deposit of the defendant and denied the traverse. However, Code Ann. § 46-401 (Ga. L. 1976, pp. 1608, 1616) makes the defendant a party "to all proceedings thereafter," upon filing a traverse.

Thereafter, the answer of the garnishee was filed January 14, 1980, setting forth the amounts that it was indebted to the defendant, both as to a checking account and a savings account, paying into court the sum of $209.63 after deducting a service charge of $1.05 and $15 as a garnishment handling fee. It is noted here that the order of the court, while dated January 11, 1980, was not filed until January 17, 1980, and clearly stated that the trial court did not consider the answer of the garnishee which was filed January 14, 1980.

On January 28, 1980, the trial court, without further hearing or trial, adjudged the sum of $209.63 paid into the court by the defendant as subject to garnishment rendering judgment in favor of the plaintiff against said sum in this amount. Defendant appeals. *Held:*

Code Ann. § 46-403 (Ga. L. 1976, pp. 1608, 1617) allows the defendant the right to traverse the plaintiff's affidavit and Code Ann. § 46-401, supra, requires that a hearing be held "not more than 10 days from the date such traverse is filed." Here, in accordance with law, the hearing was held and the traverse denied. However, the answer of the garnishee was then filed on January 14, 1980, showing only a savings account and a checking account (defendant's traverse

showing said funds were "solely derived . . . from the Social Security Administration . . ."), and final judgment issued thereon more than 15 days thereafter based upon Code Ann. § 46-510 (Ga. L. 1976, pp. 1608, 1621) which provides for same "if no traverse or claim has been filed."

Code Ann § 46-511 (Ga. L. 1976, pp. 1608, 1621) provides for the order of trial after answer and provides that the defendant's traverse shall be tried first. While it is clear that the trial court did not err in denying the traverse at that point in time (January 11, 1980) as to the plaintiff's affidavit prior to the answer of the garnishee, nevertheless, under the Civil Practice Act, based upon defendant's sworn affidavit and the pleadings (traverse and garnishee's answer which merely sets forth a checking account of $22.48 and a savings account of $203.20), an issue of material fact remained for determination even though the traverse as to the affidavit had been denied. Under our notice pleadings, the evidence offered in support of the traverse, together with the pleadings, traversed the same when the answer of the garnishee is considered. See Code Ann. § 81A-115(b) (Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694); *McDonough Const. Co. v. McLendon Elec. Co.,* 242 Ga. 510 (250 SE2d 424); *Summerlot v. Crain-Daly Volkswagen, Inc.,* 238 Ga. 546, 547 (1) (233 SE2d 749); *Sambo's of Ga. v. First American Nat. Bank,* 152 Ga. App. 899, 901 (264 SE2d 330). The only evidence before the court as to the minimum funds on hand was offered by the defendant, supported by the garnishee's answer, that they were derived from the Social Security Administration and the plaintiff has not controverted same. Since the only evidence in the record is that of the defendant controverting the claim, the trial court erred in proceeding to issue its final judgment as if no traverse and evidence in support of same had been filed under Code Ann. § 46-510, supra. See *Herring v. Herring,* 143 Ga. App. 286 (238 SE2d 240); Philpott v. Essex County Welfare Board, 409 U. S. 413 (93 SC 590, 34 LE2d 608); *Anderson v. First Nat. Bank,* 151 Ga. App. 573, 574 (260 SE2d 501).

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED MAY 7, 1980 — DECIDED JUNE 13, 1980 —
REHEARING DENIED JULY 7, 1980 — ■

*Donald M. Coleman, William J. Baird,* for appellant.
*Robert S. Wayne, Lee S. Alexander,* for appellee.