## 63494. ACCREDITED ASSOCIATES, INC. v. SHOTTENFELD et al.

POPE, Judge.

Appellees obtained a judgment against one Robert A. Friedman in the amount of $4,500.00 plus interest. Upon Friedman's failure to pay this judgment, appellees filed a garnishment action against appellant, Friedman's purported employer. Appellant failed to answer the garnishment and a default judgment was entered against it. Code Ann. § 46-508. Thereafter, appellant filed a motion for relief from the default judgment pursuant to Code Ann. § 46-509 (Ga. L. 1980, pp. 1769, 1774). This appeal arises from the trial court's denial of appellant's motion.

1. Both parties argue that the primary issue presented for resolution by this appeal is which party, garnishee-appellant or plaintiffs-appellees, has the burden of proof on a motion made pursuant to Code Ann. § 46-509. The thrust of these arguments is directed to the amount, if any, by which the judgment against appellant should have been reduced. Present Code Ann. § 46-509 provides: "When a judgment is rendered against a garnishee under section 46-508, on motion filed not later than 60 days from the date garnishee receives actual notice of the entry of such judgment against garnishee, garnishee, upon payment of all accrued costs of court, may have the judgment modified so that the amount of the judgment shall be reduced to an amount equal to the greater of $50 or $50 plus 100 per cent. of the amount by which the garnishee was indebted to defendant from the time of service of summons of garnishment through and including the last day on which a timely answer could have been made for all money, other property, or effects belonging to the defendant which came into the garnishee's hands from the time of the service of the summons through and including the last day on which a timely answer could have been made, and in the case of garnishment of wages, less any exemption allowed the defendant by law. Notice to the garnishee by certified mail shall be sufficient notice as herein required: Provided, further, that on the trial of the motion, the burden of proof shall be upon any plaintiff who objects to the timeliness of the motion to establish that said motion was not filed within the time provided for by this section."

The record discloses that appellant's motion contained averments to the effect that it had complied with all the provisions necessary to obtain relief under the statute, including a statement that it had no money or property belonging to Friedman from the time of service of the summons through and including the last day on which a timely answer could have been made. Appellant's

secretary/office manager verified the truth and correctness of the motion. There is no transcript of the hearing on this motion, but it appears that appellant submitted no evidence beyond its verified pleadings. The record discloses no traverse to this motion. Nevertheless, appellees contend that appellant failed to carry its burden of creating a prima facie showing of a right to relief.

Appellees, relying on *Sambo's of Ga. v. First Am. Nat. Bank,* 152 Ga. App. 899 (2) (264 SE2d 330) (1980), attack the competency and credibility of the statement in appellant's motion relating to its indebtedness to Friedman. "Code Ann. § 46-509 . . . places the burden upon the garnishee in seeking relief from a default judgment. Until the garnishee has created a prima facie showing of a right to relief, the plaintiff is under no compulsion to oppose the motion." Id. at 900; see also *Weeks v. High Point Sprinkler Co.,* 125 Ga. App. 511 (2) (188 SE2d 144) (1972). Appellees argue that the statement was a mere conclusion unsupported by any facts or business records, that appellant failed to show that the statement was based on personal knowledge, and that the secretary/office manager's competency to make the statement was not shown.

What must a garnishee show before it is entitled to relief under Code Ann. § 46-509? In addition to a motion thereunder being timely, a garnishee must show "that it has satisfied the statutory prerequisite of payment of accrued cost[s] of court [and also] the amount by which garnishee was indebted to defendant from the time of service of summons of garnishment through and including the last day on which a timely answer could have been made . . ." *Boston Sea Party v. Bryant Lithographing Co.,* 146 Ga. App. 294, 296 (246 SE2d 350) (1978). In the case at bar appellant made such a showing in its pleadings on the motion. While there is no requirement that a garnishee verify its pleadings under Code Ann. § 46-509, appellant did so in this case. *Chambers v. Almond,* 146 Ga. App. 46 (1) (245 SE2d 336) (1978).

Was appellant's "conclusory" statement in its pleadings regarding its indebtedness to Friedman a sufficient showing under Code Ann. § 46-509? The garnishment statute as it existed prior to the major revisions of 1975 was interpreted to require that the answer of a garnishee *must* be taken as true unless traversed. *Fulton Nat. Bank v. Young,* 123 Ga. App. 91 (179 SE2d 529) (1970). "A statement in an answer that the garnishee is not indebted is not a conclusion, but a factual averment." Id. at 92. The burden of proof was on a creditor who traversed an answer to prove that the garnishee was indebted. *Rockmart Bank v. Nix,* 14 Ga. App. 238 (80 SE 673) (1914). Language similar to that in the former statute exists in the present statute. See Code Ann. § 46-504. In our view, a similar interpretation should be

extended to the facts in this case.

Prior to the 1980 amendment, Code Ann. § 46-509 specifically provided "that on the trial of the motion, the burden of proof shall be on the garnishee." Ga. L. 1977, pp. 783, 784. As can be seen from the above-cited language of the 1980 amendment, this 1977 language has been deleted. The present language of Code Ann. § 46-509 provides only that the burden of proof "shall be upon any plaintiff who objects to the timeliness of the motion to establish that said motion was not filed within the time provided for by this section." The timeliness of the motion is not at issue in this case.

Since it must be presumed that the General Assembly in enacting the 1980 amendment to the garnishment statute was familiar with the 1977 enactment, it necessarily follows that in omitting the requirement that on the trial of the motion the burden of proof be on the garnishee, it was the legislative intent to alter the method by which a garnishee may obtain relief from a default judgment. Cf. *Webb v. Alexander,* 202 Ga. 436 (1) (43 SE2d 668) (1947); *Threlkeld v. Whitehead,* 95 Ga. App. 378 (1) (98 SE2d 76) (1957). We view this change as relieving a garnishee from the burden of presenting evidence in support of its motion in the absence of a traverse thereto. That is, where a garnishee has affirmatively set forth in its motion such facts as would entitle it to relief under Code Ann. § 46-509, these facts must be taken as true unless traversed.

Which party has the burden of proof when a motion pursuant to Code Ann. § 46-509 has been traversed? Since *Sambo's of Ga. v. First Am. Nat. Bank,* supra, and *Weeks v. High Point Sprinkler Co.,* supra, were based upon the language which appeared in Code Ann. § 46-509 prior to the 1980 amendment, neither case is controlling in the case at bar. The 1980 amendment to Code Ann. § 46-509 expressly provides that the burden of proof shall be upon the plaintiff on the issue of the timeliness of the motion. The 1980 amendment is silent as to the burden of proof on any other issue. By expressly placing on the plaintiff the burden of proof on the one issue, " '. . . the inference is *stronger* that those omitted are intended to be excluded, than if none at all had been mentioned.' " *Bailey v. Lumpkin,* 1 Ga. 392, 404 (1846). As a general rule, the burden of proof is on the movant (see, e.g., *Marsh v. Berens,* 237 Ga. 135 (227 SE2d 36) (1976), summary judgment; *Johnson v. Fulmer,* 129 Ga. App. 317 (3) (199 SE2d 639) (1973), counterclaim), unless provided otherwise by statute (see, e.g., Code Ann. § 27-313 (b), motion to suppress evidence illegally seized). Therefore, even though the policy of Code Ann. § 46-509 is to protect a garnishee against whom a default judgment has been entered *(Fidelity Nat. Bank v. KM General Agy.,* 244 Ga. 753 (2) (262 SE2d 67) (1979)), it does not appear that the General Assembly intended to

place the burden of proof on all issues upon a plaintiff who has traversed a garnishee's motion for relief from default judgment.

Since no traverse by appellee appears of record, the trial court erred in denying appellant's motion for relief from default judgment. Cf. *Davis v. Gamble,* 151 Ga. App. 155 (259 SE2d 159) (1979).

2. Appellant has filed with this court a document from the United States Bankruptcy Court for the Northern District of Georgia which contains inter alia a notice that appellant has filed a petition in bankruptcy and an order staying certain acts and proceedings against appellant pursuant to 11 USCA § 362 (a). This stay is applicable to all entities and bars "the commencement or continuation . . . of a judicial . . . proceeding against the debtor [appellant] that was or could have been commenced . . ." before the commencement of the bankruptcy action. 11 USCA § 362 (a)(1).

"The purpose of the automatic stay provided by Rule 401, Rules of Bank. Proc., and 11 U.S.C. § 362 is to give the insolvent debtor an opportunity to take stock and formulate plans for repayment and reorganization with protection from 'a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts.' " In re Frigitemp Corp., 8 B.R. 284, 288 (S.D.N.Y. 1981). However, there is no legal impediment to bar an action brought by the debtor from proceeding in state court. In re Ideal Roofing & Sheet Metal Works, Inc., 9 B.R. 2 (S.D. Fla. 1980). Since this appeal was brought by appellant debtor, this court is not barred from proceeding to a final resolution of this matter.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 15, 1982.

*Scott H. Kaplan,* for appellant.
*John W. Jonap,* for appellees.