22874

SOUTHERN BANK AND TRUST COMPANY, Respondent v. Ronald HARLEY, Gary Beaver, and Donald R. Knauss, Petitioners.

(368 S. E. (2d) 908)

Supreme Court

424

*Curtis L. Coltrane* and *James M. Herring,* of *Herring & Meyer,* Hilton Head Island, *for petitioner Donald R. Knauss.*

*George E. Mullen,* of *McKay & Mullen, P.A.,* Hilton Head Island, *for petitioners Ronald Harley* and *Gary Beaver.*

*O. G. Calhoun, Jr.,* and *Robert C. Wilson,* of *Haynsworth, Marion, McKay & Guerard,* Greenville, *for respondent.*

Heard Dec. 10, 1987.

Decided May 23, 1988.

NESS, Chief Justice:

This is an action on a guaranty agreement. We granted certiorari to review the decision of the Court of Appeals reported at 292 S. C. 340, 356 S. E. (2d) 410 (Ct. App. 1987) and now affirm that decision as modified. We also decide that the commencement of bankruptcy proceedings by petitioners Beaver and Knauss does not automatically stay this matter.

The facts are reported in the Court of Appeals' opinion. The Court of Appeals properly held that the trial court erred in limiting petitioners' liability to $12,583.19. The Court of Appeals erred, however, in accepting respondent's proffered testimony that the true amount of the deficiency was $79,221.17 and in remanding the matter for entry of judgment in that amount. The court should not have decided the amount of the deficiency on the basis of proffered testimony alone. *See Stark v. Hopson,* 22 S. C. 42 (1884). Further, since this was a law case, the appellate court's scope of review extends only to the correction of errors at law and does not permit entry of an original judgment for the plaintiff. *Smith v. Grant,* 15 S. C. 136

(1881). Finally, since the amount of the Bank's deficiency was not litigated, reversal of the liability limit did not entitle respondent to entry of judgment. *See Johns v. Town of Allendale*, 204 S. C. 44, 28 S. E. (2d) 533 (1944); *Griffin v. McCain*, 129 S. C. 548, 125 S. E. 133 (1924). Accordingly, the decision of the Court of Appeals is modified to provide for a hearing on remand to determine the amount of this deficiency.

After this Court issued its writ of certiorari but before oral agrument petitioners Beaver and Knauss filed for bankruptcy. The filing of a bankruptcy petition automatically stays "the commencement or continuation ... of a judicial ... action or proceeding *against the debtor*...." 11 U.S.C.A. § 362(a)(1) (Supp. 1987) (emphasis added). The parties urge us to find the filing of the petitions stay further proceedings involving petitioners Beaver and Knauss. We hold there is no automatic stay under the circumstances of this case.

The purpose of the automatic stay is to give the ▮▮ debtor a "breathing spell" and to allow for the orderly administration of the estate. It also serves to protect the rights of creditors. *See Marine Midland Bank v. Herriott*, 10 Mass. App. 743, 412 N. E. (2d) 908 (1980). The effect of our decision today could either maintain the estates' status quo by upholding the $79,221.77 debt or increase the estates' assets by reducing the debt. Since the result today cannot possibly result in a dimunition of the estates, we hold there is no automatic stay of further proceedings in this Court. Further, the language of § 362(1)(1) provides for a stay of an action *against the debtor*. The proceeding before this Court was commenced by the petitioners' filing of a petition for a writ of certiorari. In its present posture, this is not an action against the debtor and therefore there is no automatic stay. *See Knights of Columbus Federal Credit Union v. Salisbury*, 3 Conn. App. 201, 486 A. (2d) 649 (1985); *Shop in the Grove v. Union Federal Savings & Loan Ass'n*, 425 So. (2d) 1138 (Fla. Dist. Ct. App. 1982); *Accredited Associates Inc., v. Shottenfield*, 162 Ga. App. 575, 292 S. E. (2d) 417 (1982); *Marine Midland Bank, supra.*

The decision of the Court of Appeals is

Affirmed as modified.

GREGORY, CHANDLER and FINNEY, JJ., and RALPH KING ANDERSON, JR., Acting Associate Justice, concur.