39046. RAINBOW REALTY CORPORATION v. PORTER.

Decided September 22, 1961.

*Davis & Stringer, Thomas O. Davis,* for plaintiff in error.

NICHOLS, Judge. The original petition alleged in substance, that the plaintiff and the defendant had a contract, based on a written memorandum prepared by the defendant, whereby the plaintiff was to receive fifty percent of the profits from the construction of certain houses, that such agreement was rescinded by described persons and an oral agreement entered into whereby the plaintiff was to receive $400 per house, "$200 at the closing of the sale of a completed house and an additional $200 at a later date"; that the plaintiff continued to perform his services under the oral contract, that he has received only $200 payment leaving a balance of $4,144 after allowing a credit for certain shrubbery purchased but not used ($56), that written demand has been made and refused by the defendant.

After the defendant demurred the plaintiff amended by attaching a copy of the original memorandum agreement, by more clearly alleging that the original agreement was rescinded "with the consent and approval of the corporation," and by adding a second count wherein the plaintiff sought the same amount of recovery as was sought in the first count, but it was not alleged in such second count that the original contract had been rescinded although a copy of the contract was attached as an exhibit to such count, and the relief sought was based on the value of his services in supervising the construction of the houses and the retention of such benefits by the defendant corporation.

The original memorandum contract required that the plaintiff perform certain services and for such services he would receive fifty percent of the net profits. A formula was set forth in the contract as to how the net profits would be determined. The

subsequent oral contract (alleged in the first count of the petition), called for the petitioner to receive a total of $400 per house; said amount to be paid $200 at the closing of the sale for the completed house and an additional $200 at a later date. Accordingly, under either the original or the subsequent agreement it was necessary for the houses to be sold before the plaintiff was entitled to recover.

No net profit could be arrived at before a sale, and under the specific terms of the subsequent contract the first payment due was due at the time the sale was closed. The petition, either as originally filed or as amended, does not show that any of the houses have been sold and in the absence of such a showing, or a showing of other facts which would authorize a recovery prior to the actual sale of the houses, the plaintiff did not have a cause of action at the time the action was filed. "When there is no cause of action at the commencement of suit, there can be no recovery, although one accrue, respecting the same subject matter, while the suit is pending." *Wadley, Jones & Co. v. Jones,* 55 Ga. 329. See also *Southern Mfg. Co. v. Moss Mfg. Co.,* 13 Ga. App. 847 (81 SE 263), where it was held that where the amount due on a laborer's contract was not due, under the terms of the contract, until an engineer's certificate was obtained and in the absence of such certificate, or a waiver, no cause of action accrued prior to such certificate being obtained.

The petition failed to show a complete cause of action at the time the suit was filed, and the judgment overruling the defendant's general demurrers was error and must be reversed. Since the judgment overruling the general demurrer must be reversed the questions presented by the defendant's special demurrers are nugatory.

*Judgment reversed. Carlisle, P. J., and Eberhardt, J., concur.*