In re IDEAL ROOFING & SHEET METAL WORKS, INC., Bankrupt.

IDEAL ROOFING & SHEET METAL WORKS, INC., Plaintiff,

v.

M. R. HARRISON CONSTRUCTION CORP. et al., Defendants.

Bankruptcy No. 80–00273–BKC–TCB.
Adv. No. 80–0225–BKC–TCB–A.

United States Bankruptcy Court,
S. D. Florida.

Sept. 22, 1980.

Louis A. Supraski, Miami, Fla., for plaintiff.

Arnold Nevins, Miami Beach, Fla., for USFG.

Stuart J. McGregor, Miami, Fla., for defendant.

## ORDER MODIFYING AUTOMATIC STAY

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiff-debtor has filed a complaint for relief from the automatic stay provisions of 11 U.S.C. § 362 seeking permission to proceed as plaintiff in a state court action against M. R. Harrison Construction Corporation ("Harrison"), and as defendant in a separate State court action brought by Vincent J. Fasano, Inc. ("Fasano"), with United States Fidelity & Guaranty Company ("U.S. F.&G.") named as cross-defendant. (C.P. No. 1)

Harrison has answered and moved to dismiss. (C.P. No. 4c) The defendants, Fasano and U.S.F.&G. have answered, consenting to the entry of plaintiff's relief and seeking the further affirmative relief that the stay be lifted in order to allow them to proceed in the same State court action. (C.P. No. 4b) The matter was heard on September 18, 1980. This order is a memorandum of decision entered in accordance with the provisions of B.R. 752(a).

■ Harrison's motion to dismiss alleges that this court lacks jurisdiction over him because he is not a party to the bankruptcy proceedings. This argument had merit before the enactment of the Bankruptcy Reform Act of 1978. This court's jurisdiction is now clear. 28 U.S.C. § 1471.

■ Harrison argues further that plaintiff has failed to state a claim for relief under the provisions of 11 U.S.C. § 362. While § 362(a)(1) stays the continuation of any legal proceeding against the debtor, I find no legal impediment to bar an action brought by the debtor from proceeding in State court. If the action is allowed to proceed, Harrison seeks to assert a counterclaim in that action against the debtor. Since the debtor has brought this matter before me, I exercise my jurisdiction to modify the stay to permit Harrison's proceeding on the counterclaim in case number 79–18066 pending in the Circuit Court of Dade County, Florida.

**4**

■ The parties to the State court action brought by Fasano have stipulated to the relief requested. Therefore, the automatic stay is modified with respect to all parties involved in case number 80–1457 pending in the Circuit Court of Dade County, Florida, to permit them to proceed to judgment.

A separate judgment reciting the foregoing ruling will be entered in accordance with the provisions of B.R. 921(a).