A92A0747. McDUFFIE et al. v. HOOBLER et al.
A92A0748. McDUFFIE v. GATINS.
(416 SE2d 853)

McMURRAY, Presiding Judge.

The relevant facts underlying this breach of contract action begin with the purchase of all of the stock of defendant Type Concepts, Inc., by defendants McDuffie and Gatins. The sellers of the stock included two plaintiffs, Eve W. Hoobler and Rosalyn H. White, and three non-parties, Ann Stallard, Maxine Robinson, and Judy Ginn. Plaintiff ERA Associates was the lessor of the premises from which the corporate defendant conducted its business.

Count 1 of the complaint alleges that defendants Gatins and Mc-

Duffie have breached their contractual commitments to plaintiffs, including failure to pay the agreed consideration. Count 2 incorporates the allegations of Count 1 and alleges that the lease from plaintiff ERA Associates to defendant Type Concepts, Inc. was breached in material ways, including failure to pay rent and damage to the premises.

Defendants McDuffie and Type Concepts, Inc. answered, denying that they had breached the contracts at issue and raising various affirmative defenses, and counterclaimed alleging that under the terms of the stock purchase agreement plaintiffs White and Hoobler were liable for the damages arising from certain breaches of non-competition agreements by Stallard and Ginn. Substantially similar issues were raised in the answer and counterclaim of defendant Gatins, who also filed a cross-claim against defendants McDuffie and Type Concepts, Inc. The cross-claim alleged that McDuffie had purchased Gatins' shares of stock in Type Concepts, Inc. and that under the terms of the purchase agreement McDuffie and Type Concepts, Inc. had assumed Gatins' payment obligations and agreed to indemnify and hold Gatins harmless from any liability for non-payment of certain contractual obligations upon which plaintiffs' action was predicated.

The eight documents executed in connection with the first purchase and sale of stock include a stock purchase agreement, a closing memorandum, a promissory note, and five non-competition agreements. Defendants contend that the eight documents constitute one contract between the parties under which a violation of the non-competition provisions by any one of the sellers would give rise to a right of indemnification against any or all of the sellers. Plaintiffs disagree as to the construction of the contract or contracts, and contend that there was no breach of any contract by the individual plaintiffs or by the non-party sellers.

Plaintiffs moved for summary judgment against defendants. The motion sought $43,802.86 for plaintiff Hoobler representing two annual installments under this seller's non-competition with defendants. The motion also sought for plaintiff White, $29,793.18 for breach of her covenant not to compete and $44,118.96 for failure to pay the promissory note issued to her. In connection with the business premises leased by Type Concepts, Inc., the plaintiffs sought $9,940 in unpaid rent and $2,435.36 for repairs and utilities. Additionally, plaintiffs sought post-judgment interest and attorney fees. Defendant Gatins moved for summary judgment against cross-claim defendants McDuffie and Type Concepts, Inc. for all sums for which he may be found liable to plaintiffs.

The state court granted plaintiffs' motion for summary judgment against defendants awarding all of the relief sought, except that the judgment for unpaid rent, repairs, and utilities was awarded only to

plaintiff ERA Associates and against only defendant Type Concepts, Inc. Subsequently, defendant Gatins' motion for summary judgment against the cross-claim defendant McDuffie was granted in the principal amount of $117,715.

Defendants McDuffie and Type Concepts, Inc. appeal from the grant of summary judgment in favor of plaintiffs and against defendants in Case No. A92A0747. In Case No. A92A0748, defendant McDuffie appeals the summary judgment against him and in favor of Gatins, but raises only the same issues concerning the grant of summary judgment in favor of plaintiffs which are raised in Case No. A92A0747. *Held*:

1. Following the filing of the notice of appeal in Case No. A92A0747, a suggestion of bankruptcy was filed in the state court showing that Type Concepts, Inc. had filed a voluntary petition for bankruptcy protection under 11 USC § 1100 et seq. Based upon this notice on the record, the appellants' brief incorrectly asserts that Type Concepts, Inc. is no longer a party in this appeal. We are not aware of any authority supporting this assertion. Nor, since this appeal was brought by the appellant debtor, is this court barred from proceeding to a final resolution of Case No. A92A0747. *Accredited Assoc. v. Shottenfeld*, 162 Ga. App. 575, 578 (2) (292 SE2d 417). Therefore, in reviewing the enumerations of error in Case No. A92A0747, these issues will be viewed as having been raised on behalf of both Type Concepts, Inc. and McDuffie.

2. There is no evidence in the record that Judy Ginn or Ann Stallard violated the covenants of their non-competition agreements. Thus, without reaching the issues argued in regard to whether plaintiffs are liable for any breach of the stock purchase agreement by Ginn and Stallard, it may be concluded that there is no merit in the pleaded defense of failure of consideration or in the related counterclaims. The state court did not err in granting summary judgment in favor of plaintiffs.

McDuffie contends that evidence showing that Ginn and Stallard serviced former customers of Type Concepts, Inc. suggests violation of the non-competition agreements. Ginn continued to work for Type Concepts, Inc. after the purchase of the company by McDuffie and Gatins until she was fired. Afterwards, Ginn became a shareholder and employee of a new company which competed with Type Concepts, Inc. This was not prohibited by the non-competition agreement. Ginn was prohibited from soliciting certain types of business from customers of Type Concepts, Inc., however, she was not barred from accepting unsolicited business from such customers. The uncontroverted evidence was that Ginn did not solicit the business she received from Type Concepts, Inc.'s customers.

Stallard was a shareholder and employee of Graphic Communica-

tions Corporation which had an established practice in conjunction with Type Concepts, Inc. of cooperatively producing certain projects for customers. Stallard's non-competition agreement is different than that of the other former shareholders of Type Concepts, Inc. in that it contains additional language addressed to the continuance of the relationship between the two corporations. When Stallard, as an employee of Graphic Communications Corporation received a request for services provided by Type Concepts, Inc., her non-competition agreement required that she give Type Concepts, Inc. the first opportunity to bid on the project and was required to contract with Type Concepts, Inc. so long as Type Concepts, Inc.'s bid was competitive in price and so long as Type Concepts, Inc. was otherwise able to satisfy the customer's needs or requirements "in house" in terms of quality, delivery dates, due dates for bids and technical expertise. Where these specific provisions as to business submitted through Graphic Communications Corporation are applicable, they must be deemed to prevail over any conflicting general language in Stallard's non-competition agreement. *Hearn v. Old Dominion Freight Lines*, 172 Ga. App. 658 (1), 659 (324 SE2d 517).

Stallard, on behalf of Graphic Communications Corporation, placed business of established customers of Type Concepts, Inc. with other companies, including a significant portion which was placed with the new company in which Ginn was a shareholder and employee. Nonetheless, a violation of Stallard's non-competition agreement was not shown since there was uncontroverted evidence that the changes occurred due to high bids and poor quality work from Type Concepts, Inc. following its loss of certain experienced personnel including Ginn.

*Judgments affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED MARCH 11, 1992.

*Weiner, Yancey & Dempsey, J. Matthew Dwyer, Jr., William W. White*, for appellants.

*Carr, Tabb & Pope, W. Pitts Carr, J. Renee Kastanakis, Bynum & Lewis, Joe H. Bynum, Jr.*, for appellees.