### A10A1316. PAYLESS CAR RENTAL SYSTEM, INC. et al. v. ELKIK et al.
#### (702 SE2d 697)

MIKELL, Judge.

Appellant Payless Car Rental System, Inc. ("Payless"), is a franchisor of retail car rental businesses. Appellants L & S Vehicle Leasing, Inc. ("L & S"), Orlin, Inc., and Atlin, Inc., are entities affiliated with Payless and are engaged in the car rental or leasing business. Appellee PRG Group, LLC ("PRG"), a Payless franchisee, is a Georgia limited liability company wholly owned and managed by appellee Anthony Elkik.[1] Appellants challenge the trial court's denial of their motion for summary judgment as to certain of PRG's

---

[1] Appellee Elkik filed a suggestion of bankruptcy with this Court indicating that he filed a Chapter 7 bankruptcy petition and therefore is entitled to the automatic stay of proceedings under 11 USC § 362 (a). By order of this Court, we accordingly remanded the appeal insofar as it pertained to appellee Elkik to the trial court until the stay is lifted. See *Johnson v. Regions Bank*, 301 Ga. App. 520, n. 1 (687 SE2d 906) (2009); *Harkleroad & Hermance, P.C. v. Stringer*, 220 Ga. App. 906, 907 (1) (472 SE2d 308) (1996). The automatic stay provisions, however, do not ordinarily extend to a third party, such as the remaining appellee, PRG. See *In re Stadler*, 2005 WL 6487189, *1-2 (Bankr. N.D. Ga. Mar. 31, 2005) (No. 04-91944) (automatic stay does not apply to property owned by nondebtor LLC corporation, even if debtor owns all of the

counterclaims and third-party claims,[2] contending that no issue of material fact exists. We agree and reverse.

Because appellants challenge the trial court's ruling on summary judgment, we apply the following standard of review:

> Summary judgment is proper only when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. Further, when ruling on a motion for summary judgment, a court must give the opposing party the benefit of all reasonable doubt, and the evidence and all inferences and conclusions therefrom must be construed most favorably toward the party opposing the motion. On motions for summary judgment, however, courts cannot resolve the facts or reconcile the issues. When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence.[3]

Properly construed, the evidence can be summarized as follows.[4] On November 1, 2005, Payless, as franchisor, entered into a Franchise Agreement with PRG, as franchisee, pursuant to which PRG obtained a Payless car rental franchise at the Atlanta airport. Until that time, the franchise had been operated by Payless's affiliate Atlin. In connection with its acquisition of the Payless franchise, PRG also entered into an Asset Purchase Agreement (the "Purchase Agreement") with Payless, Orlin, and Atlin, pursuant to which PRG paid $100,000 to purchase the assets to be used in its Payless car rental store.

Section 5.2 of the Purchase Agreement provided that for the first year, Orlin "or its assignee" would lease "up to 300" vehicles to PRG

---

equity in the nondebtor), citing *In re Winer*, 158 BR 736, 743 (N.D. Ill. 1993) (automatic stay protection does not extend to nondebtor corporation, even where it is wholly owned by debtor). Because it has not been suggested that the protection of the stay has been extended to PRG, this Court will address the issues on appeal concerning PRG.

[2] The trial court also granted summary judgment to Elkik as to appellants' claims against him individually. The order denying summary judgment to appellants on PRG's claims is immediately appealable because it is tied to appellants' appeal of the court's order granting summary judgment to Elkik. See OCGA § 9-11-56 (h); *Southeast Ceramics v. Klem*, 246 Ga. 294, 295 (1) (271 SE2d 199) (1980).

[3] (Citations omitted.) *Woody's Steaks v. Pastoria*, 261 Ga. App. 815, 816 (584 SE2d 41) (2003). Accord *Merritt v. Marlin Outdoor Advertising*, 298 Ga. App. 87 (679 SE2d 97) (2009).

[4] Appellee PRG did not file a responsive brief in this appeal. Accordingly, PRG is deemed to have admitted the statement of facts as set out by appellants in their brief, to the extent supported by the record. See *Candler Hosp. v. Carter*, 224 Ga. App. 425 (480 SE2d 876) (1997). Accord *Green v. Waddleton*, 288 Ga. App. 369, n. 1 (654 SE2d 204) (2007) (where no responsive brief is filed by appellee, this Court may accept appellant's statement of facts "as prima facie true if supported by the record") (citation omitted); *Dept. of Human Resources v. Woodruff*, 234 Ga. App. 513, n. 1 (507 SE2d 249) (1998). See also Court of Appeals Rule 25 (b) (1).

for use in its car rental business, "subject to the approval of Orlin's fleet financing companies." Charles Steven Blakley, a vice president of Payless, testified by deposition that this arrangement was put in place because L & S, Orlin's assignee, was able to lease vehicles directly from fleet leasing companies on favorable terms and was able to obtain readily available vehicles at known costs, thus making it unnecessary for PRG to obtain its own lines of credit while it was still a start-up concern.

PRG has acknowledged that when it acquired the franchise, it selected approximately 215 cars from Atlin's existing fleet with which to begin its rental operations. These vehicles were titled in L & S's name, and L & S, as Orlin's assignee, leased the vehicles to PRG. Blakley testified that PRG subsequently notified Payless that it wished to order an additional 285 rental vehicles; that the vehicles were ordered from Walden Leasing and Eckhaus Fleet, the leasing companies with which L & S did business; that the leasing companies leased the vehicles to L & S; that L & S then subleased the vehicles to PRG; and that L & S submitted invoices to PRG for the leased vehicles at L & S's cost plus $25 per car per month.

On February 1, 2007, after 15 months of operation, PRG sold its franchise for $1.4 million and received net sales proceeds of $1,239,830. Appellants contend that at that time, PRG owed L & S a balance of $856,795.63 for amounts due on leased vehicles. Seeking to collect these lease charges, Payless and L & S filed the underlying action against PRG and Elkik, asserting claims based on open account, quantum meruit, and breach of contract.

PRG subsequently filed counterclaims against Payless and L & S and third-party claims against Orlin and Atlin, claiming, inter alia, that appellants breached the Purchase Agreement by failing to supply PRG with the required number of leased vehicles. PRG further asserted that appellants had breached the implied covenant of good faith and fair dealing as to the Purchase Agreement.[5] Appellants sought summary judgment against PRG as to these counterclaims and third-party claims. The parties agreed that Florida substantive law governed PRG's claims because of the choice of law provision in the Purchase Agreement. Following a hearing,[6] and applying Florida law, the trial court denied appellants' motion for summary judgment as to these claims. This appeal followed.

1. *Breach of Purchase Agreement.* Appellants contend that the trial court erred in finding that issues of material fact existed as to

---

[5] PRG also asserted a claim based on negligent misrepresentation. The trial court denied appellants' motion for summary judgment as to that claim as well. Appellants have not challenged this ruling on appeal.

[6] No transcript of the hearing was included in the record on appeal.

whether appellants breached the Purchase Agreement by refusing to lease 300 vehicles to PRG. In its order, the trial court did not identify what those questions of fact might be.

At issue here is the following provision of the Purchase Agreement:

> 5.2 *Lease of Vehicles to Purchaser*. Orlin, or its assignee, subject to the approval of Orlin's fleet financing companies, agrees to lease up to 300 vehicles to Purchaser on commercially acceptable terms for 1 year following the Closing Date, pursuant to the Vehicle Lease Agreement attached as *Exhibit C* (the "Vehicle Lease"). The trial court ruled that this section of the Purchase Agreement required appellants to lease "at least, but not more than, 300 vehicles" to PRG. Appellants argue that even if the Purchase Agreement imposed an obligation on them to lease at least 300 vehicles to PRG, this obligation was "subject to the approval of Orlin's fleet financing companies," by the express terms of Section 5.2. Appellants further point to evidence in the record supporting their contention that they complied in full with their obligations under Section 5.2 of the Purchase Agreement by ordering the number of vehicles requested by PRG.

PRG admits that it obtained 215 rental vehicles from Atlin's existing fleet. According to Blakley's testimony, PRG notified Payless that it wished to order an additional 285 vehicles, because some of the original vehicles obtained from Atlin's existing stock were under leases which were due to expire shortly. Blakley testified that he ordered these vehicles in early November 2005, shortly after the Purchase Agreement was executed. In his deposition, Elkik admitted that he gave Blakley the number of cars to be ordered, 285; that he reviewed the order placed by Blakley with Walden Leasing and Eckhaus Fleet; that he approved the order for 285 vehicles; and that Payless acted quickly in ordering the 285 cars that Elkik requested on PRG's behalf. Thus, appellants have pointed to evidence in the record indicating that the number of rental cars leased to PRG for use in its car rental business was determined by Elkik and was not restricted or limited by appellants.

Under the express terms of Section 5.2 of the Purchase Agreement, appellants' obligation to lease vehicles to PRG was made "subject to the approval of Orlin's fleet financing companies." Thus, PRG's claims for breach of contract are not supported by PRG's allegation that the fleet leasing companies failed to deliver all the vehicles ordered. Appellants submitted the affidavit of Richard L.

Stevens, president of Payless, who testified that Orlin and L & S had business relationships with several independent fleet financing companies, among them Walden Leasing and Eckhaus Fleet; that once the orders for fleet vehicles were placed, it was the leasing company, Walden Leasing or Eckhaus Fleet, which shipped and delivered the vehicles to PRG, not appellants; and that appellants had no involvement in and were not responsible for shipping or delivery of the vehicles to PRG. Blakley also testified that he was not involved with the shipment or delivery of the vehicles by the leasing company to PRG. In his deposition, Elkik acknowledged that the vehicles were delivered, not by the appellants, but by the leasing companies.

Appellants have thus shown by reference to the record that PRG's claim for breach of contract of the Purchase Agreement's vehicle leasing requirement does not raise an issue of material fact. At this point, in order to avoid summary judgment on this issue, PRG was required to come forward with some evidence sufficient to generate an issue of material fact.[7] In light of the fact that PRG came forward with no affidavit, deposition testimony, or other evidence to controvert appellants' evidence, the trial court's denial of summary judgment for appellants on this issue was error.

2. *Breach of the implied covenant of good faith and fair dealing.* Appellants assert that the trial court erred in denying their motion for summary judgment on PRG's counterclaim and third-party claim that appellants breached the implied covenant of good faith and fair dealing in the Purchase Agreement. The trial court ruled that "[b]ecause PRG's claims for breach of an express term of the [Purchase Agreement] remain, so too does its claim for breach of the implied duty of good faith and fair dealing related to that breach." As discussed in Division 1 above, however, appellants are entitled to summary judgment on PRG's claim for breach of Section 5.2 of the Purchase Agreement. Under Florida law, which applies herein, a claim for breach of the implied covenant of good faith and fair dealing is not recognized as an independent cause of action separate from a claim for breach of contract;[8] thus, "[t]here can be no cause of action for a breach of the implied covenant absent an allegation

---

[7] See OCGA § 9-11-56 (e) ("When a motion for summary judgment is made and supported as provided in this Code section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him"); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[8] *Snow v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 896 S2d 787, 792 (Fla. App. 2005). Accord *Flagship Resort Dev. Corp. v. Interval Intl.*, 28 S3d 915, 924 (III) (B) (Fla. App. 2010).

that an express term of the contract has been breached."[9] It follows that, under Florida law, PRG's claim for breach of the implied covenant of good faith and fair dealing fails as a matter of law, and the trial court erred in denying appellants' motion for summary judgment on this issue.

*Judgment reversed. Smith, P. J., and Adams, J., concur.*

DECIDED OCTOBER 7, 2010.

*Kilpatrick Stockton, Stephen E. Hudson, Rachael L. Zichella,* for appellants.

Anthony Elkik, *pro se.*

---

[9] (Citations and punctuation omitted.) *Snow*, supra ("the duty of good faith performance does not exist until a plaintiff can establish a term of the contract the other party was obligated to perform and did not") (citation omitted).