A11A2231. BOAT RAMP ROAD PARTNERS, LLC et al. v.
THE FIRST STATE BANK, INC. et al.
(724 SE2d 464)

ADAMS, Judge.
First State Bank, Inc., Glandon Capital Group, LLC and Corner Bank, N.A. (appellees) brought suit to recover the outstanding balance on a note executed by Boat Ramp Road Partners, LLC and guaranteed by Gregory Lorenzetti,[1] Eric J. Nathan, Gregory Greenstein, Jeffrey Goldstein and Philip Weener. The loan to Boat Ramp

---

[11] (Citation and punctuation omitted.) *Arp v. United Community Bank*, 272 Ga. App. 331, 335 (3) (612 SE2d 534) (2005).

[1] Although originally a party to this appeal, Lorenzetti has notified this Court that he has filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, Case No. 11-77404-JEM and any and all further proceedings in this matter have been stayed pursuant to 11 USC § 362 as to that appellant. Thus, as it pertains to him, we hereby remand this appeal to the trial court, with leave to Lorenzetti to reinstate this appeal by filing another notice of appeal within 30 days after the lifting of the stay, if that occurs. E.g., *Payless Car Rental System v. Elkik*, 306 Ga. App. 389, 390

was in the original principal amount of $2,665,000 and Nathan, Greenstein, Goldstein and Weener had each executed separate Limited Guaranty Agreements pursuant to which they had personally and unconditionally guaranteed "all principal, interest, . . . prepayment premiums, fees, late charges, costs, [and] expenses" but "not to exceed the amount of . . . (443,000.00)." Lorenzetti signed an identical agreement, except the amount he guaranteed was not to exceed $1,559,200. Paragraph 16 of the Guaranty set forth the terms of the Guaranty, and provided that it "shall continue in effect until all the Guaranteed Obligations and all of the obligations of the Guarantor . . . under this Guaranty are fully and finally paid. . . ." Paragraph Six of each agreement additionally stated that the "Guaranty is independent of (and shall not be limited by) any other guaranty now existing or hereafter given." Further, the Guaranty agreements provided that "suit may be brought or demand may be made against . . . any or all parties who have signed this Guaranty or any other guaranty covering all or any part of the Guaranteed Obligations, or against any one or more of them, separately or together." And, lastly, the Guaranty contained a provision for the payment of court costs and attorney fees incurred by the appellees in seeking to enforce the Guaranty.

The appellees moved for summary judgment seeking a judgment against Boat Ramp for $1,736,032.40, which was the outstanding indebtedness due under the note, and a judgment against the guarantors, jointly and severally, up to the amount of their respective guaranties. Additionally, appellees requested an award of attorney fees and expenses of litigation from all the guarantors. Following a hearing, the trial court granted appellees' motion for summary judgment, and entered judgment against Boat Ramp in the principal amount of $1,736,032.40, past due interest through the specified date of $240,059.57, late fees of $73,380.72, court costs of $388.50 and attorney fees in the amount of $17,006.58, for a total judgment amount of $2,066,867.77. As to the guarantors, the court entered judgment against Nathan, Greenstein, Goldstein and Weener in the principal amount of $443,000, plus attorney fees of $17,006.58 and court costs of $388.50, for a total judgment amount of $460,395.08, and against Lorenzetti for the same amount of court costs and attorney fees and the principal amount of $1,559,200, for a total judgment amount of $1,576,595.08.

The guarantors filed the present appeal, arguing that the

n. 1 (702 SE2d 697) (2010). However, because the other guarantors have not suggested that the protection of the stay extends to them, we will address the issues raised in this appeal as those issues pertain to the remaining parties. Id.

Guaranties are ambiguous as to their intent and that ambiguity should be resolved by a trial court, and additionally that the trial court erred by awarding judgments against them which exceeded the limits of liability set forth in the Guaranties.

1. Citing *Rohm & Haas Co. v. Gainesville Paint &c. Co.*, 255 Ga. App. 441, 443-444 (2) (b) (483 SE2d 888) (1997), the guarantors first argue that the Guaranties are ambiguous as to whether the Guaranties are cumulative such that the total amount of the guarantors' combined liability may exceed the amount of liability under the note. In *Rohm & Haas*, the same guarantor had executed a series of guaranties which limited his liability for the debt to $30,000, $50,000 and $100,000, respectively. Each guaranty also provided that it was independent of any other guaranties given for the debt. After first determining that the $100,000 guaranty was barred by the Equal Dignity Rule, id. at 442 (2) (a), this Court then held that "the absolute limit of liability for payment of goods sold in each guaranty creates an ambiguity as to whether they are cumulative," and, after considering evidence from both parties that the $50,000 guaranty was meant to replace the $30,000 guaranty, upheld the trial court's determination that the guaranties were not cumulative. Id. at 444 (2) (b).

The guarantors argue the same reasoning applies here and that a jury should determine whether they intended for the cumulative total of the Guaranties to exceed the amount of liability under the note. However, we think that *Rohm & Haas* is readily distinguishable from the case at hand. In that case, the ambiguity resulted from the fact that the *same* guarantor executed a series of guaranties in increasing amounts over a period of years to guarantee the amount owed for goods purchased from the plaintiff. Each guaranty put a cap on the amount the guarantor would be liable for but also provided that the executed guaranty was independent from any other guaranties given for the debt, with the effect that if all the guaranties were enforced, the guarantor's liability would exceed the maximum amount of liability stated in any one of the Guaranties. In the case at bar, multiple guarantors executed separate Guaranties, each of which provided for a maximum amount of liability from that guarantor,[2] and the fact that the Guaranties were independent of each other did not result in an increase of liability beyond the limitation stated. Further, as the appellees point out, the Guaranties provided for termination upon satisfaction of the guaranteed obliga-

---

[2] The trial court specifically enforced these provisions by stating in its order that "the individual guarantors are only personally liable for the amounts set out by the limitations explicit in each guarantee."

tion, up to the limits of each Guaranty agreement, plus attorney fees and costs. Thus, once the underlying debt was satisfied, the Guaranties could no longer be enforced. This enumeration thus presents no basis for reversal.

2. The guarantors also argue that the trial court erred by awarding judgments against them for amounts that exceeded the limits of liability set forth in the Guaranties. However, the guarantors' agreement to pay attorney fees and court costs was in addition to their guarantee of the underlying obligation, and the trial court did not err by entering judgment accordingly. *Rohm & Haas*, 225 Ga. App. at 445 (4); *Sheppard v. Daniel Miller Co.*, 7 Ga. App. 760, 763 (68 SE 451) (1910).

*Judgment affirmed in part and case remanded in part. Barnes, P. J., and Blackwell, J., concur.*

DECIDED FEBRUARY 29, 2012.

*Moorman & Pieschel, Nicholas J. Pieschel*, for appellants.
*Smith, Welch, Webb & White, A. J. Welch, Jr., William A. White, Timothy W. Haley*, for appellees.