**WHOLE COURT**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**August 26, 2014**

# In the Court of Appeals of Georgia

A14A1000. BOARDMAN v. BRENNINKMEIJER.

BOGGS, Judge.

Ana Brenninkmeijer filed a civil action against Richard Boardman asserting that he breached a co-tenancy agreement. Boardman appealed to this Court from the trial court's grant of summary judgment in favor of Brenninkmeijer on her breach of contract claim. He has now filed a "Notice of Bankruptcy Stay" asserting that because he has filed a Chapter 7 bankruptcy petition, "this appeal is stayed by the provisions of 11 U.S.C. § 362." But the appellate courts of this state are constitutionally required to dispose of every case at the term of court for which it is entered on the court's dockets for hearing or at the next term of court. See 1983 Ga. Const., Art. VI, Sec. IX, Para. II. Accordingly, this Court does not have the power to stay a case. We therefore remand this case to the trial court until the stay of proceedings is lifted. See *Boat*

*Ramp Road Partners v. First State Bank, Inc.*, 314 Ga. App. 452, 453 n.1 (724 SE2d 464) (2012); see also *Piggly Wiggly Southern v. Kelley*, ___Ga. ___ (Case No. S98G0860, decided June 2, 1998); *Olde Towne Tyrone v. Multibank 2009-1 CRE Venture*, 326 Ga. App. 322, 325 n.2 (756 SE2d 558) (2014).

At that time, Boardman may re-institute the appeal by filing a new Notice of Appeal in the trial court within 30 days of the date of the entry of the order in the bankruptcy court lifting the stay.

To the extent *Accredited Assoc. Inc. v. Shottenfeld*, 162 Ga. App. 575, 578 (2) (292 SE2d 417) (1982), and *McDuffie v. Hoobler*, 203 Ga. App. 325, 327 (1) (416 SE2d 853) (1992), hold that this court is not "barred from proceeding to a final resolution," id., where the appeal is brought by the party who later files bankruptcy, i.e. the debtor, they are hereby overruled. The automatic stay provisions of the Federal Bankruptcy Act, 11 USC § 362, provide "a very broad stay of actions where an individual debtor files a bankruptcy case." *O'Dell v. Mahoney*, 324 Ga. App. 360, 368 (5) (750 SE2d 689) (2013). Section 362 (a) (1) stays "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before [the bankruptcy case was filed], or to recover a claim against the debtor that arose before the commencement of the [bankruptcy

case].'' ''During the pendency of the bankruptcy stay, state courts lack the ability to exercise judicial power or discretion or otherwise proceed with the case.'' (Citations omitted.) *Jinks v. Eastman Enterprises*, 317 Ga. App. 489, 491 (731 SE2d 378 ) (2012), overruled in part on other grounds, *O'Dell*, supra, 324 Ga. App. at 369 (5).

In *Accredited Assoc.*, supra, the defendant appealed from the trial court's denial of its motion for relief from default judgment. Id. at 575. During the pendency of the appeal, the defendant/appellant filed a notice of bankruptcy. Id. at 578 (2). This court held that a stay pursuant to 11 USC § 362 (a) did not apply, and that this court could reach the merits of the appeal, because the appeal was brought by the appellant debtor. We concluded that ''there is no legal impediment to bar an action brought by the debtor from proceeding in state court.'' But this holding relied upon *In re Ideal Roofing & Sheet Metal Works*, 9 B. R. 2 (S.D. Fla. 1980), a bankruptcy case in which the debtor requested that the stay be lifted in order to allow it to proceed as the plaintiff in one state court action and as the defendant in another state court action. Id. at 3. The bankruptcy court issued an order modifying the automatic stay as requested by the debtor finding no legal impediment to bar an action brought by the debtor. Id. This holding is consistent with 11 USC § 362 and federal precedent. See *Crosby v. Monroe County*, 394 F.3d 1328, 1331 (II) (11th Cir. 2004) (automatic stay

provisions of Bankruptcy Code do not extend to lawsuits initiated by the debtor); *Martin-Trigona v. Champion Fed. S & L*, 892 F.2d 575, 577 (7th Cir. 1989) (same). "The automatic stay is an injunction issuing from the authority of the bankruptcy court, and bankruptcy court orders are not subject to collateral attack in other courts." (Citation omitted.) *Gruntz v. County of Los Angeles*, 202 F.3d 1074, 1082 (9th Cir. 2009). It is the bankruptcy court that entertains motions to terminate, annul, or modify the automatic stay, see 11 USC § 362 (d), (e) and (f), and any state court attempt to do so would constitute "an unauthorized infringement upon the bankruptcy court's jurisdiction to enforce the stay." Id. at 1082-1083.

This court, in *Accredited Assoc.*, supra, incorrectly cited the holding in *Ideal Roofing* as standing for the proposition that a state court *appeal* brought by the party who later files bankruptcy is not subject to an automatic stay. This conclusion is contrary to the plain language of 11 USC § 362 (a) and would result in the stay being applied where the party who later files bankruptcy is the prevailing party below, and not applied where the party who later files bankruptcy is the losing party below.

Whether the party who files bankruptcy during the pendency of an appeal, i.e. the debtor, is the appellant or the appellee should be irrelevant for the purpose of applying the automatic stay. The applicability of the stay is determined by whether

4

the commencement or continuation of a judicial action or proceeding is *against* the debtor, or to recover a claim against the debtor that arose before the commencement of the bankruptcy case. This would include the continuation by appeal of the action in this case brought by Brenninkmeijer against Boardman, who became the debtor after filing bankruptcy during the pendency of the appeal.

We therefore overrule *Accredited Assoc.*, supra, and *McDuffie*, supra, to the extent they hold that the automatic stay provisions of 11 USC § 362 do not apply, and that this court is permitted to reach the merits of an appeal where the appellant has filed a notice of bankruptcy during the pendency of the appeal.

*Case remanded. Phipps, C. J., Andrews, P. J., Barnes, P. J., Ellington, P. J., Doyle, P. J., and Miller, Dillard, McFadden, Ray, Branch and McMillian, JJ., concur.*