# Court of Appeals
# of the State of Georgia

ATLANTA,  November 20, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1419.  MUENCHEN et al. v. BEEN et al.**

Wallace Run Investments, LLC sued John Charles Muenchen, Jr. and Patricia Childers Muenchen asserting claims for indemnification and attorney fees. In their answer, the Muenchens asserted a third party complaint against Stephen R. Been for contribution.  In an order entered May 23, 2016, the trial court granted partial summary judgment to Wallace Run and denied the Muenchens' cross-motion for summary judgment, but expressly declined to make the order a final judgment under OCGA § 9-11-54 (b). The trial court subsequently entered an "Amended Order and Final Judgment" wherein it denied Been's motion for partial summary judgment on the Muenchens' contribution claim, but amended its May 23, 2016 order so as to direct entry of final judgment under OCGA § 9-11-54 (b) in favor of Wallace Run and against the Muenchens in the amount of $374,217.17, plus prejudgment interest.

The Muenchens have appealed from the final judgment and the trial court's May 23, 2016 order. After the appeal was docketed in this Court, the Muenchens filed a Notice of Bankruptcy and Suggestion of Automatic Stay.  Attached thereto is a notice of their Chapter 7 bankruptcy filing in the United States Bankruptcy Court for the Northern District of Georgia.  This Court has received no further notice from the Muenchens regarding the status of the bankruptcy proceeding.

This Court cannot stay a case because "the appellate courts of this state are constitutionally required to dispose of every case at the term of court for which it is entered on the court's dockets for hearing or at the next term of court. See Ga. Const. of 1983, Art. VI, Sec. IX, Par. II." *Boardman v. Brenninkmeijer*, 328 Ga. App. 882, 883 (763 SE2d 267) (2014).  However, the automatic stay provisions of 11 USC §

362 (a) appear to apply to this appeal inasmuch as "[t]he applicability of the stay is determined by whether the commencement or continuation of a judicial action or proceeding is *against* the debtor, or to recover a claim against the debtor that arose before the commencement of the bankruptcy case." Id. at 884. "This would include the continuation by appeal of the action in this case brought by [Wallace Run] against [the Muenchens], who became the debtor[s] after filing bankruptcy during the pendency of the appeal." Id.

We therefore REMAND this case to the trial court until the stay of proceedings is lifted. The Muenchens may re-institute the appeal by filing a new notice of appeal in the trial court within 30 days of the date of the entry of bankruptcy court's order lifting the stay. See id. at 882.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,  11/20/2017 *
   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



            *, Clerk.*