**FOURTH DIVISION**
**DILLARD, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 3, 2019**

# In the Court of Appeals of Georgia

A17A0265. BELLSOUTH TELECOMMUNICATIONS, LLC et al.
v. COBB COUNTY, GEORGIA et al.

MARKLE, Judge.

1. This case concerns a county's ability to sue telecommunication providers[1] ("Defendants") for allegedly failing to collect the proper amount of 9-1-1 charges from their customers and to provide an accounting under the Georgia Emergency Telephone Number 9-1-1 Service Act of 1977, OCGA § 46-5-120 et seq. ("the Act"). In *Bellsouth Telecommunications, LLC v. Cobb County*, 342 Ga. App. 323 (802 SE2d 686) (2017) (physical precedent only as to Div. 3), we affirmed in part, reversed in part, and vacated in part the trial court's denial of Defendants' motions to dismiss.

---

[1] The telecommunication providers named as defendants in the complaints are Bellsouth Telecommunications, LLC d/b/a AT&T Georgia ("Bellsouth"); Earthlink, Inc.; Earthlink, LLC; Deltacom, LLC; and Business Telecom, LLC.

We held that Cobb County and Gwinnett County ("the Counties") did not have an implied right of action to pursue its claims for damages against the telecommunication providers in the absence of any such express right under the Act. Id. at 326-328 (1). However, we found that the Counties could pursue their tort claims for failure to comply with the Act pursuant to OCGA §§ 51-1-6 and 51-1-8. Id. at 328-330 (2). We also vacated the trial court's finding that the 9-1-1 charges mandated by the Act were a fee, not a tax, and remanded the case to the trial court with instructions to develop the record as to this issue. Id. at 330-333 (3).

Our Supreme Court reversed, holding that the 9-1-1 charges under the Act were a tax as a matter of law, and that the Counties could not seek a remedy for the alleged arrearage under the Act or in tort.[2] *Bellsouth Telecommunications, LLC v. Cobb County*, 305 Ga. 144 (824 SE2d 233) (2019). The Supreme Court further directed that the case be remanded to the trial court with direction to grant the Defendants' motions to dismiss the Counties' claims for damages. Id. at 155 (2). We therefore vacate our

[2] During the pendency of this appeal, statutes were enacted that established an administrative cause of action against telecommunication providers that fail to properly bill and remit 9-1-1 charges, as well as instituted penalties against them for non-compliance with audits. See OCGA §§ 38-3-182 (l); 38-3-189 (a) (1), (b), (c); see also 305 Ga. at 145, n. 4. However, the remedies are prospective and did not become effective until January 1, 2019. OCGA § 38-3-189 (a) (1).

2

previous opinion, adopt the decision of the Supreme Court as our own, reverse the trial court's denial of the Defendants' motions to dismiss the damages claims, and remand the case to the trial court with instructions to dismiss said claims.

2. In addition, the Supreme Court remanded the case to this Court for further proceedings consistent with its opinion; namely, the consideration of whether the Counties' claims for an accounting remained viable. 305 Ga. at 155 (2), n. 17. In our previous decision, we did not address the Defendants' contention that the trial court erred by refusing to dismiss the Counties' claims for an accounting under OCGA § 46-5-134 (d) (4) (July 1, 2012). As directed, we do so now.

The Defendants argue that the Counties' lack of a right of action to enforce the Act against telecommunication providers, such as themselves, is fatal to their claims for accounting.[3] We agree.

In our previous opinion, we held that the Counties had no implied right of action under the Act to pursue their damages claims for Defendants' alleged failure

---

[3] As alleged in the complaints, only Cobb County attempted to audit the Defendants pursuant to the provisions of the Act. Thus, Gwinnett County's claim to enforce the Act's audit provisions is premature, as well as invalid for the reasons that follow. See *Rainbow Realty Corp. v. Porter*, 104 Ga. App. 420, 422 (121 SE2d 791) (1961) (A plaintiff cannot recover unless there is "a complete cause of action at the time the suit was filed.").

3

to fully collect the due and owing 9-1-1 charges. 342 Ga. App. at 328 (1). As noted by the Supreme Court, the parties did not seek certiorari on the issue of whether the Act created an implied right of action. 305 Ga. at 154 (2). Thus, our prior holding that no such implied right existed remains binding precedent. 342 Ga. App. at 328 (1). That rationale likewise applies to bar the Counties' claims for an accounting under the Act.[4]

The Act provides that "[t]he local government may on an annual basis, and at its expense, audit or cause to be audited the books and records of service suppliers with respect to the collection and remittance of 9-1-1 charges." OCGA § 46-5-134 (d) (4) (July 1, 2012); see also OCGA § 46-5-134 (i) (July 1, 2012). The Act further requires telecommunication suppliers to maintain records of the 9-1-1 charges for at least three years from the date of collection. OCGA § 46-5-134 (i) (July 1, 2012). However, the Act is silent with regard to any penalties for, or any basis for relief from, noncompliance with these provisions.

And we may not interpolate remedies into a statute. As we have explained,

> [t]he judicial task is, of course, to interpret the statute the General Assembly has passed to determine whether it displays an intent to create

---

[4] The Counties did not bring claims for equitable accounting, but instead sought to enforce the audit provisions of the Act.

not just a private right of action but also a private remedy. And statutory intent, as reflected by the plain meaning of the relevant text, on this latter point is determinative. In the absence of such textual support, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.

(Citations and punctuation omitted.) *Somerville v. White*, 337 Ga. App. 414, 416-417 (1) (787 SE2d 350) (2016); see also 342 Ga. App. at 326 (1) ("[I]t is well settled that violating statutes and regulations does not automatically give rise to a civil cause of action by an individual claiming to have been injured from a violation thereof") (citation omitted); cf. *Anthony v. American Gen. Financial Svcs., Inc.*, 287 Ga. 448, 455 (2) (a) (697 SE2d 166) (2010) ("the indication that the legislature meant to impose a civil as well as criminal penalty must be found in the provisions of the statute at issue, not extrapolated from the public policy the statute generally appears to advance.") (citation, punctuation, and emphasis omitted). We thus conclude that the Act did not provide the Counties with an implied right to bring claims for accounting against the Defendants. Accordingly, we reverse the trial court's denial of Defendants' motions to dismiss these claims, and remand the case to the trial court with instructions to dismiss the accounting claims.

5

3. Notwithstanding the above, we note that Defendants Earthlink, Inc.; Earthlink, LLC; Deltacom, LLC; and Business Telecom, LLC have now filed with this Court their suggestion of Chapter 11 bankruptcy and notice of automatic stay pending the disposition of the bankruptcy petition. However, we lack the authority to grant such a stay due to our constitutionally mandated term limits. *Boardman v. Brenninkmeijer*, 328 Ga. App. 882, 882-883 (763 SE2d 267) (2014). Therefore, as to these Defendants, we remand this case to the trial court until such time as the bankruptcy stay is lifted and the matter may proceed, consistent with this opinion. See Id. at 883.

*Judgment reversed and case remanded with direction. Dillard, P. J., and Brown, J., concur*.