# Court of Appeals
# of the State of Georgia

ATLANTA,  September 13, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0891.  MAX CHOI v. SIERRA CONSTRUCTION COMPANY, INC.**

In this contract dispute, the trial court entered judgment in favor of Sierra Construction Company, Inc., and against Max Choi. Choi appealed, but after his appeal was docketed, he filed in this Court notice that he had filed for Chapter 13 bankruptcy. He asks that this Court remand the case to the trial court.

Because Choi has filed for bankruptcy in federal court, this appeal appears to be subject to an automatic stay. See 11 USC § 362 (a) (1). However, this Court is constitutionally required to dispose of every case at the term of court "for which it is entered on the court's docket for hearing or at the next term." 1983 Ga. Const., Art. VI, Sec. IX, Para. II. Consequently, when a case is subject to a bankruptcy stay, we must remand the case to the trial court until the stay of proceedings is lifted. See *Boardman v. Brenninkmeijer*, 328 Ga. App. 882, 883 (763 SE2d 267) (2014). Accordingly, we REMAND this case to the trial court.[1] Choi may re-institute the

---

[1] Sierra also obtained a judgment against another defendant and that appeal is pending in Case No. A22A1057. However, the automatic stay provisions do not ordinarily extend to third parties. See *Ironwood Cap. Partners, LLC v. Jones*, 355 Ga. App. 371, 375 (1) (844 SE2d 245) (2020).

appeal by filing a new notice of appeal in the trial court within thirty days of the entry of the order in the bankruptcy court lifting the stay. See id.[2]



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* __09/13/2022__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_____ , Clerk._

---

[2] In the body of its Appellee's Brief, Sierra Construction requests that we impose a frivolous appeal sanction against Choi pursuant to OCGA § 5-6-6. Our rules provide that no motions shall be filed in the body of the parties' briefs. See Court of Appeals Rule 41 (b). Accordingly, we decline to consider this request. See *Johnson v. Johnson*, 349 Ga. App. 99, 101 (3) (825 SE2d 487) (2019).