# Court of Appeals
# of the State of Georgia

ATLANTA,  February 18, 2025

*The Court of Appeals hereby passes the following order:*

**A24A1418.  NEHAD S. MEMON et al. v. MOUNTAIN EXPRESS OIL COMPANY.**

For the reasons explained more fully below, this appeal is dismissed for failure to file a brief.

The underlying case was instituted by Mountain Express Oil Company, which entity filed in the Superior Court of Gwinnett County a complaint against Nehad S. Memon, Sheherbano Shahid, ARM Group of Properties, Inc., AMG Investments Group, Inc., and ARM Location and Service Providers, LLC. On March 6, 2024, the superior court entered a judgment in favor of Mountain Express Oil Company and against the defendants. Counsel for the defendants filed a joint notice of appeal, giving rise to the instant appeal.  Hereinafter, the defendants will be referenced collectively as "Appellants."

On May 2, 2024, this appeal was docketed. This Court's Rule 23 (a) requires the filing of a brief (and an enumeration of errors) within 20 days after an appeal is docketed (or within the time allowed by any order permitting an extension of time). See also Court of Appeals Rule 13.

Within about a week of the docketing of this appeal, the Appellants' counsel filed a motion to withdraw from this appeal, citing "professional considerations which

1

require termination of the representation."[1] The next day, counsel filed a motion for an extension of time for the Appellants to file an enumeration of errors and brief until June 21, 2024, asserting that such an extension would "allow Appellants time to retain new counsel, should Appellants choose to do so." This Court granted both motions.

None of the Appellants filed a brief. Thus, on July 5, 2024, this Court issued an order that the Appellants file a brief no later than July 15, 2024. The order further warned: "Failure to comply with this order, absent an extension upon motion for good cause shown, this appeal will be dismissed instanter without further notice, and such failure may also subject the appellant and the appellant's attorney to contempt of this Court. See Court of Appeals Rules 7, 13, and 23 (a)."

None of the Appellants filed a brief. On the final day of the extension period, Memon, representing himself, filed a motion seeking a 60-day time extension to file a brief.[2] This Court granted Memon's motion, while observing that Memon and (appellee) Mountain Express Oil Company had indicated in their respective filings that related bankruptcy proceedings had begun. Thus, this Court issued an order on December 9, 2024, which provided:

In light of the fact that both sides have suggested that related bankruptcy

---

[1] Counsel footnoted in the motion that counsel had also "moved for, and was granted on April 30, 2024, Order permitting . . . withdrawal as counsel for Defendants in the matter underlying this appeal. See *Mountain Express Oil Company v. Nehad S. Memon, Sherherbano Shahid, ARM Group of Properties Inc., AMG Investments Group Inc., and ARM Location and Service Providers LLC*[.]"

[2] See generally *Eckles v. Atlanta Tech. Group*, 267 Ga. 801, 805-806 (2) (485 SE2d 22) (1997) (proscribing a layman's legal representation of a separate corporate entity in a court of record); *Winzer v. EHCA Dunwoody, LLC*, 277 Ga. App. 710, 713-714 (3) (627 SE2d 426) (2006) (holding that limited liability companies must be represented by attorneys in courts of record).

proceedings have begun, it is hereby ORDERED that within seven (7) days of the date of this order,[3] the appellate parties shall file their respective briefs providing *legal analysis*[4] on the issue of to what extent, if at all, this appeal is subject to any bankruptcy court's *automatic stay*. See 11 USC § 362 (automatic stay provision); see also, e. g., *Boardman v. Brenninkmeijer*, 328 Ga. App. 882 (763 SE2d 267) (2014), and cases cited therein.

(Emphasis supplied.)

Within the designated seven-day period, only (appellee) Mountain Express Oil Company complied. Positing that this appeal was not subject to any bankruptcy court's automatic stay, Mountain Express Oil Company analyzed:

The automatic stay provision of the United States Bankruptcy Code, 11 USC § 362, has no application here because the underlying action is brought **by** [Mountain Express Oil Company], not **against** [Mountain Express Oil Company]. This Court has interpreted Section 362 to automatically stay:

[T]he commencement or continuation . . . of a judicial . . .

---

[3] (Footnote in December 9, 2024 order.) It is well established that "under our Constitution's two-term rule, this Court is required to 'dispose of every case at the term for which it is entered on the court's docket for hearing or at the next term.' Ga. Const. Art. VI, Sec. IX, Par. II. Thus, we are not at liberty to delay the disposition of appeals" ad finitum. (Citation and punctuation omitted.) *Bridges v. Collins-Hooten*, 339 Ga. App. 756, 759 (1), n. 5 (792 SE2d 721) (2016).

[4] (Footnote in December 9, 2024 order.) See *Dixon v. MARTA*, 242 Ga. App. 262, 266 (4) (529 SE2d 398) (2000) (reiterating that "legal analysis . . . is, at a minimum, a discussion of the *appropriate law* as applied to the *relevant facts*) (emphasis supplied).

3

action or proceeding *against* the debtor that was or could have been commenced before [the bankruptcy case was filed,] or to recover a claim *against* the debtor that arose before the commencement of the [bankruptcy case].

*Boardman v. Brenninkmeijer*, 328 Ga. App. 882, 883 (2014) (quoting 11 USC § 362(a)(1) (emphasis added). Under 11 USC § 362, "the debtor" is the "party who files bankruptcy." Id. at 884. Here, the "debtor" is [Mountain Express Oil Company].

Here, the case on appeal was brought **by** [Mountain Express Oil Company], the "debtor." As a result, 11 USC § 362, which concerns "proceeding[s] *against* the debtor," does not apply. See *Crosby v. Monroe County*, 394 F3d 1328, 1331 n.2 (11th Cir. 2004) ("The automatic stay provision of the Bankruptcy Code, 11 USC § 362, does not extend to lawsuits initiated by the debtor."); *see also Martin-Trigona v. Champion Fed. S & L*, 892 F2d 575, 577 (7th Cir. 1989) (same).

Not one of the Appellants responded to this Court's December 9, 2024 order. Consequently, on December 19, 2024, this Court issued an order that Appellants file a brief no later than ten days from the date of the order. That order further reiterated a previous warning: "Failure to comply with this order, absent an extension upon motion for good cause shown, will result in the dismissal of this appeal instanter without further notice, and such failure may also subject the appellants and the appellants' attorney to contempt of this Court. See Court of Appeals Rules 7, 13, and 23 (a)."

Continuing to representing himself, Memon filed on December 27, 2024 a "Motion For Additional Time To Comply" seeking an "additional 90 days to comply

4

with Rule 23 (a) to obtain bankruptcy court approval." But nothing in Memon's motion explained why he needed "to obtain bankruptcy court approval" to file a brief in this Court pursuant to Rule 23 (a); nothing in Memon's motion provided any legal analysis explaining "to what extent, if at all, this appeal is subject to any bankruptcy court's automatic stay" (as had been requested by this Court's order issued December 9, 2024); nothing in Memon's motion contained even an assertion that this appeal is subject to any bankruptcy court's automatic stay; and nothing in Memon's motion otherwise establishes good cause for a 90 day time extension to file a brief. Moreover, as this Court plainly footnoted in its December 9, 2024 order, "under our Constitution's two-term rule, this Court is required to 'dispose of every case at the term for which it is entered on the court's docket for hearing or at the next term.' Ga. Const. Art. VI, Sec. IX, Par. II. Thus, we are not at liberty to delay the disposition of appeals" without regard thereto. (Citation and punctuation omitted.) *Bridges v. Collins-Hooten*, 339 Ga. App. 756, 759 (1), n. 5 (792 SE2d 721) (2016). Consequently, Memon's motion, filed on December 27, 2024 seeking an additional 90 days to file a brief, is hereby DENIED.

The other four appellate parties – namely, Sheherbano Shahid, ARM Group of Properties, Inc., AMG Investments Group, Inc., and ARM Location and Service Providers, LLC – have filed nothing since their former counsel filed on their behalf the above-referenced two motions: (i) for counsel's withdrawal from representing Appellants; and (ii) for a time extension for the Appellants to file a brief.

Meanwhile, on December 4, 2024, (appellee) Mountain Express Oil Company filed a motion to dismiss this appeal for failure to file a brief. "We recognize that [Memon has been] acting pro se; nevertheless, that status does not relieve him of the obligation to comply with the substantive and procedural requirements of the law[.]" (Citation and punctuation omitted.) *Brown v. Mowr Enters., LLC*, 322 Ga. App. 93, 93

(1) (742 SE2d 173) (2013). Furthermore, recently, on January 14, 2025, two attorneys filed respective notices of appearance as counsel for Memon. Notwithstanding, as of the date of this order, neither attorney has tendered anything further to this Court – among others, not a brief on Memon's behalf; not a response to this Court's order issued on December 9, 2024 that Memon (and all other appellate parties) provide legal analysis on the issue of to what extent, if at all, this appeal is subject to any bankruptcy court's automatic stay; not a response countering the brief filed by (appellee) Mountain Express Oil Company on that issue (which legal analysis therein we find persuasive); not a motion seeking leave to file such a response; not an amendment to any of Memon's pro se filings; not a motion seeking leave to file an untimely pleading; and not a motion seeking remand on grounds that material factual matters remain for the trial court to resolve.

In light of all the foregoing circumstances, (appellee) Mountain Express Oil Company's motion, filed on December 4, 2024, is hereby GRANTED such that this

appeal is hereby DISMISSED.[5]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__02/18/2025_____*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[5] Hence, the "Motion to Substitute Janet S. Northrup, Chapter 7 Trustee, as the Real Party in Interest as Appellee," filed on January 21, 2025, and stating that "the Trustee respectfully requests that this Honorable Court declare her as the real party in interest and allow her to be substituted for [Mountain Express Oil Company] in the instant action pursuant to OCGA § 9-11-17," is DISMISSED AS MOOT. We express no opinion as to the outcome of any such motion that may be pursued in the trial court.